740

RAY FRIED, Plaintiff, *v.* LONDON GUARANTEE & ACCIDENT CO., LTD., Defendant.

Supreme Court, New York County, April 28, 1930.

*Feltenstein & Rosenstein*, for the plaintiff.

*William E. Lowther* [*Thomas E. Nolan*], for the defendant.

McGOLDRICK, J. Plaintiff was injured as the result of an accident in the operation of an automobile owned by Emma Stone and Herbert S. Spitz. At the time the car was being operated by a person by the name of Murray, who may have been employed by the owners thereof. Defendant issued and delivered a policy of casualty insurance wherein it indemnified Stone and Spitz against loss from liability for damages as a result of the ownership, maintenance, control and use of this automobile on account of bodily injuries suffered by third persons. An action was brought by plaintiff against the owners of the automobile wherein it was claimed that the accident was caused through the negligence of the owners or their agents, servants or employees. Such action came to trial and resulted in a verdict in favor of defendants. Judgment was entered in favor of said defendants, and from this judgment no appeal was taken. Subsequently an action was brought by this plaintiff against Murray, which resulted in a verdict against him

in the sum of $10,000. Judgment was duly entered thereon and execution issued and returned unsatisfied. No appeal from such judgment has been taken. Plaintiff now brings this action against the defendant upon such policy of insurance under section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639). It is the claim of plaintiff that the defense of *res adjudicata* in paragraph 6 of the answer is insufficient in law on the face thereof and should be stricken out. Plaintiff alleges that the policy of indemnification issued to the owners contained a clause or rider extending the policy " so as to be available * * * as it is available to the aforesaid assured, to any person or persons while riding in or operating the aforesaid automobile, and to any persons, firms or corporations legally responsible for the operation thereof, provided such use or operation was with the permission of the assured or with the permission of an adult member of the assured's household, other than a chauffeur or a domestic servant." This is the specific allegation of the complaint and really forms the basis of the present action. Plaintiff also alleges that the assured employed one Murray, who operated the automobile in the furtherance of their business or pleasure and with the express permission of the assured and of an adult member of the assured's household other than a chauffeur or domestic servant; and that the automobile was being operated by said Murray while said policy of insurance was in full force and effect " with the express permission of the said assured and above described adult member of the assured's household."

In the defense it is not claimed that Murray was named as a party in the former action in which merely the owners of the automobile were concerned. At the time of the accident it was the law in this State that a master was not liable for the injuries caused by an automobile unless it appeared that the automobile was at the time being operated for his business or on his behalf or by and with his direct permission. On the trial of the action against the owners it was urged that at the particular time of the accident the operator Murray was not engaged in the business of the master; and it is quite apparent, therefore, that such contention was believed by the jury as evidenced by the verdict in favor of the defendants. I cannot see that it is the law of the State under the terms of the policy, the subject-matter of this action, that the defendant can escape liability to the amount of its indemnification. There seems to be nothing in this State by law or precedent which has determined the direct question here involved. The " omnibus coverage clause " referred to, in my opinion, covered the liability of the operator of the car as an unnamed assured. If this construction be correct,

then upon this ground alone the defense interposed here would not be any adjudication or determination against the right of the plaintiff to maintain the action. In *Dickinson* v. *Maryland Casualty Co.* (101 Conn. 369; 125 Atl. 866), Judge CURTIS in construing that clause said: " the purpose of this policy was not only to protect a person ' riding in ' or ' legally operating the car ' with the permission required by the policy from liabilities deemed in law to have been caused by him, but also, under Clause IV, its purpose was to protect any person injured by the operation of the car by giving him a cause of action against the insurer (the defendant) for injuries deemed by the law to have been caused by the operation of the car." The object of such provision was to protect any person so injured by giving him a cause of action against the insured for injuries deemed by law to have been caused by the operation of the car.

Another case worthy of note is that of *Whitney* v. *Employers' Indemnity Corporation* (200 Iowa, 25; 202 N. W. 236). In that case there was involved not only the consideration of the " omnibus coverage clause " but strange to say an apparent similar adjudication to that here presented. There, a third person sued a casualty company after the return of an execution unsatisfied on a judgment that the plaintiff had procured against an unnamed assured or beneficiary of the insurance who had been sued along with the named assured under the policy, on the theory that the operator of the car was as much covered by the policy as if he had been actually named as an assured. The policy contained a provision somewhat similar to the one in the instant case, as follows: " while the automobile covered by this policy is being used with the express or implied consent of the assured named in the policy * * * it is agreed that any insurance granted by this policy shall, in addition to the said named assured, inure to the benefit of any person responsible for the operation of the said automobile."

In construing such clause the court said: " While the Ford roadster covered by this policy is being used with the express or implied consent of the Moore Grocery Company, it is agreed that any insurance granted by this policy, shall, in addition to the said Moore Grocery Company inure to the benefit of Fenlon. By thus filling in the names of the parties, it will be seen that, if the grocery company consented either expressly or impliedly to Fenlon's operation of this car, then the policy would inure to the benefit of Fenlon."

It seems to me, therefore, that the clause relied upon by plaintiff to recover against this defendant inured to the benefit of Murray, the unnamed operator of the car, with as much force and effect as if he had been named in the policy. Considering the magnitude

of mercantile employment these days, it would be quite impossible for any owner to specify in such an insurance policy the particular operator who was intended to be insured by reason of the operation of a certain car.

For the reasons above expressed plaintiff's motion to strike out the first and separate affirmative defense is granted, with ten dollars costs. Order signed.