ERNEST C. ATKINS, Appellant, *v.* HERTZ DRIVURSELF
STATIONS, INC., Respondent, Impleaded with Another.

(Argued March 13, 1933; decided April 11, 1933.)

*John P. McGrath, Toivo H. Nekton* and *Joseph S. Robinson* for appellant. The law upon which the defense rests violates the Federal Constitution by denying to the plaintiff the equal protection of the laws. (*Van Blaricom* v. *Dodgson,* 220 N. Y. 111; *Feitelberg* v. *Matuson,* 124 Misc. Rep. 595; *Downing* v. *City of New York,* 219 App. Div. 444; 245 N. Y. 597; *Kennedy* v. *Travelers Ins. Co.,* 127 Misc. Rep. 665; *Psota* v. *L. I. R. R. Co.,* 246 N. Y. 388; *Atchison, etc., Ry. Co.* v. *Vosburg,* 238 U. S. 56; *Louisville G. & E. Co.* v. *Coleman,* 277 U. S. 32; *Power Co.* v. *Saunders,* 274 U. S. 490; *Missouri Pacific Ry. Co.* v. *Mackey,* 127 U. S. 205; *Minneapolis & St. Louis Ry. Co.* v. *Herrick,* 127 U. S. 210; *C., K. & W. R. R. Co.* v. *Pontius,* 157 U. S. 209; *St. John* v. *New York,* 201 U. S. 633; *People ex rel. Farrington* v. *Mensching,* 187 N. Y. 8; *Slingerland* v. *International Contracting Co.,* 169 N. Y. 60.) The law upon which the defense rests violates the State Constitution by granting an exclusive privilege and immunity to a private corporation. (*Matter of Union Ferry Co.,* 32 Hun, 82; 98 N. Y. 139; *State* v. *Yard,* 42 N. J. L. 357; *Lynn* v. *Nichols,* 122 Misc. Rep. 170; 210 App. Div. 812; *Garrett* v. *Turner,* 235 Penn. St. 383; *Westfall* v. *Chicago,* 280 Ill. 318; *Hendrick* v. *Maryland,* 235 U. S. 610; *Matter of N. Y. Elev. R. R. Co.,* 70 N. Y. 328; *Matter of Church,* 92 N. Y. 1; *Perkins* v. *Heert,* 158 N. Y. 306.)

*Henry J. Smith* and *J. M. Sheen* for respondent. The proviso of section 59 of the Vehicle and Traffic Law (Cons. Laws, ch. 71) is not in contravention of

the provision of article III, section 18, of the New York State Constitution which provides that the Legislature shall not pass a private or local bill granting to any private corporation any exclusive privilege, immunity or franchise. (*Matter of Union Ferry Co.*, 98 N. Y. 139; *Perkins* v. *Heert*, 158 N. Y. 306; *Dawley* v. *McKibbin*, 217 App. Div. 784; 245 N. Y. 557; *Downing* v. *City of New York*, 219 App. Div. 444; 245 N. Y. 597; *Brooks* v. *McNutt Auto Delivery Co.*, 126 Misc. Rep. 730; *Feitelberg* v. *Matuson*, 124 Misc. Rep. 595; *Matter of McAneny* v. *Board of Estimate*, 232 N. Y. 377; *Bush* v. *N. Y. Life Ins. Co.*, 135 App. Div. 447; *Brooklyn* v. *Nassau Electric R. R. Co.*, 44 App. Div. 462.) The proviso is not class legislation prohibited by the Fourteenth Amendment to the United States Constitution. (*Hodge Drive-It-Yourself Co.* v. *Cincinnati*, 284 U. S. 335; *Welch* v. *Harnett*, 127 Misc. Rep. 221; *Allen* v. *Cincinnati*, 37 Ohio App. 339; *Levy* v. *Daniels U-Drive Auto Renting Co.*, 108 Conn. 333; *Robinson* v. *Bruce Rent-a-Ford Co.*, 205 Iowa, 261; *Genusa* v. *Houston*, 108 S. W. Rep. [2d] 772; *Whitney* v. *California*, 274 U. S. 357; *People* v. *Beakes Dairy Co.*, 222 N. Y. 416; *People* v. *Klinck Packing Co.*, 214 N. Y. 121; *People* v. *Havnor*, 149 N. Y. 195; *Biddles, Inc.*, v. *Enright*, 239 N. Y. 354; *City of New York* v. *Kelsey*, 158 App. Div. 183; 213 N. Y. 638; *St. John* v. *New York*, 201 U. S. 633; *Missouri Pacific Ry. Co.* v. *Mackey*, 127 U. S. 205; *Graves* v. *Minnesota*, 272 U. S. 425.)

CRANE, J. The complaint in this action sets forth a cause of action in negligence against the Hertz Drivurself Stations, Inc., and Daniel Manley to recover damages for injuries received in an automobile accident. The corporate defendant owned and rented out cars. Manley hired one of its cars and was driving at the time of the accident. The corporate defendant, by its answer, as a complete defense, alleged as follows: " 3. That this defendant is a corporation engaged in the business of

leasing motor vehicles to be operated on the public highways and pursuant to and in compliance with Section 59 of Chapter 71 of the Consolidated Laws carries insurance in an Insurance Company approved by the Insurance Commissioner of the State of New York insuring the renter against liability arising out of his negligence in the operation of such motor vehicle in the sums therein set forth."

Thereupon, the plaintiff made a motion to strike out this defense, as insufficient at law, and the defendant made a cross-motion for judgment on the pleadings on the ground that the complaint failed to state facts sufficient to constitute a cause of action. Both motions were denied and both parties appealed to the Appellate Division. The Appellate Division affirmed the order denying the plaintiff's motion to strike out the answer, and by a separate order reversed the order of the Special Term refusing the defendant's motion for judgment on the pleadings, and granted the motion. Thereafter, judgment was entered on this latter order dismissing the complaint, and for costs, from which the plaintiff appeals to this court. The plaintiff also appealed from the order refusing to strike out the third defense. This latter order is not a final order, and from it the plaintiff could not appeal. However, his appeal from the judgment dismissing his complaint brings up the same question, so it is unnecessary for us to say anything about his right to appeal from the intermediate order. In other words, he moves to strike out the defense as insufficient, but the Appellate Division has found it to be sufficient and has dismissed the complaint. It will be seen at once that, whether the plaintiff appeals from the order refusing to strike out the defense, or from the judgment dismissing the complaint on the strength of the defense, the same question is presented.

The only question involved is the constitutionality of section 59 of the Vehicle and Traffic Law (Cons. Laws,

ch. 71), and the plaintiff concedes in argument and in brief that if this be constitutional the judgment must be affirmed. His attack is upon the constitutionality of this law. Some suggestion has been made that this question was not raised in the court of first instance, but the form of the pleadings makes it apparent that this is not so, and that the constitutionality of this law was the only question raised. The plaintiff, in setting forth his cause of action, was not obliged to plead a void law. If this provision of the Vehicle and Traffic Law were unconstitutional, it was void and of no effect, and the plaintiff could plead his facts as though it had no existence. This he did. The answer set forth the statute as a bar, but under our practice the plaintiff was not obliged to reply. Whatever attack he could make upon it was open to him without further pleading. Thus, the issue was raised as to the validity of the act, and came before the Special Term upon the respective motions.

Let me quote this section, so far as applicable:

" § 59. Negligence of operator other than owner attributable to owner. Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner. * * * A chattel mortgagee of a motor vehicle or motor cycle out of possession shall not be deemed an owner within the provisions of this section; provided, however, that any person, firm, association or corporation engaged in the business of renting or leasing motor vehicles to be operated on the public highway who carries or causes to be carried public liability insurance in an insurance company or companies approved by the insurance commissioner insuring the renter against liability arising out of his negligence in the operation of such

motor vehicle, in limits of not less than five thousand dollars for any one person injured or killed and ten thousand dollars for any number more than one injured or killed in any one accident, and against liability of the renter for property damage in the limit of not less than one thousand dollars for one accident, shall not be subject to the provisions of this section. Such policy of insurance shall inure to the benefit of any person operating the vehicle by or with the permission of the person so renting the vehicle in the same manner and under the same conditions and to the same extent as to the renter."

At common law there was no liability upon the owner of an automobile for negligence of a person to whom he had loaned it. (*Potts* v. *Pardee*, 220 N. Y. 431.) The adoption of section 282-e of the Highway Law, now section 59 of the Vehicle and Traffic Law, changed all this and created a liability upon the part of the owner for negligence caused through the act of any one driving his car with his consent, express or implied. Such extension of liability is wholly statutory. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388.) The Legislature, in creating this new liability or cause of action, could give it such limitations as were not arbitrary and unreasonable discriminations. The liability is alike for individual and corporate owners, with the exception, that any person, firm, association or corporation engaged in the business of renting and leasing motor vehicles to be operated on the public highway, who carries insurance of not less than $5,000 for one person injured, or $10,000 for more than one, shall not be subject to the provisions of this section. This means that such an owner shall not be liable for the negligence of the person to whom he has rented the car; the common-law liability has not been extended or enlarged; he is not liable, even when the car is rented by him and used with his express consent. If the Legislature had stopped here and thus attempted to place liability upon all owners who permitted others to use their cars, with the exception of those who rented them for hire, a very serious question

might arise as to the constitutionality of such a provision. The reasonableness of such a classification might well be challenged. (*Missouri Pacific Ry. Co.* v. *Mackey*, 127 U. S. 205; *Minneapolis & St. Louis Ry. Co.* v. *Herrick*, 127 U. S. 210; *Chicago, Kansas & Western R. R. Co.* v. *Pontius*, 157 U. S. 209; *St. John* v. *New York*, 201 U. S. 633; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Vosburg*, 238 U. S. 56; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8; *Slingerland* v. *International Contracting Co.*, 169 N. Y. 60.)

The provisions of section 59, however, do not stop here. The liability of the owner of a car, who is properly insured, is in effect shifted from the owner to the operator, and from the operator to the insurance company. In other words, the owner of a car who comes within this provision is liable for injuries without limit, if he is not insured. If he has taken insurance in the approved amounts, then the operator, or person renting the car, is liable, and has, as security for his liability, the policy of insurance taken out by the owner. In two respects is an exception made by this section in favor of those engaged in the business of renting cars: One, if the requisite insurance has been taken out, the owner is not liable for the use of his car; two, the person operating such a vehicle of course is liable for his own negligence causing the injury, but he has the benefit of the insurance policy taken out by the owner; that is, a judgment recovered against the operator or person renting the car may be collected out of the insurance company insuring the owner, as provided for in this section. The owner of cars for hire, who has insured under this section, is not liable for an injury caused through the negligence of the person renting the car, but the latter is liable and is protected by the owner's insurance, while at the same time the injured person has the benefit of such insurance. In case the person operating the car is financially irresponsible the insurance company must pay the judgment, as in other cases of motor vehicle lia-

bility policies, up to the extent of the amount of the policy.

Are these exceptions or provisos in favor of automobile owners who rent cars for hire arbitrary and unreasonable and without any basis for such classification? Classifications and exceptions are generally matters for the Legislature and are only declared unconstitutional where it is quite apparent that they are arbitrary and without reason for existence. We are able to discern that without such limited liability no person or company could afford to carry on the business of renting automobiles for hire. Hiring out a number of cars without the selection of operators would be a risk too great to take and unlimited insurance of a large number of such cars would probably cost too much to make such an enterprise profitable. These at least are matters which the Legislature could take into consideration. In placing upon owners of motor vehicles a liability which did not exist at common law, to wit, a liability for the negligence of one who operates the car with the owner's consent, the Legislature has deemed it wise to except from this statutory liability those persons or corporations who are engaged in the business of renting or leasing such vehicles, if they be insured as stated in the statute. This secures for the person injured an insurance fund of at least $5,000 for a judgment recovered, not against the owner, but against the person renting the car. There being some ground or reason for this classification, we agree with the court below, that section 59 of the Vehicle and Traffic Law is constitutional. Perhaps it may be well to call attention to the fact that these provisions do not apply to cars rented or hired when operated by the servants or employees of the owner.

The judgment appealed from should be affirmed, with costs.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not voting.

Judgment affirmed.