Avis T. Hammond, an Infant, by Evan Male, Her Guardian ad Litem, Respondent, *v.* New York Casualty Company, Appellant.

Third Department, January 19, 1934.

*John J. Scully*, for the appellant.

*Leary & Fullerton* [*Thomas J. Barrett, Lee C. Rich* and *Walter A. Fullerton* of counsel], for the respondent.

HILL, P. J. Defendant appeals from a judgment recovered in an action brought under section 109 of the Insurance Law by the plaintiff, who in an earlier action had recovered a judgment for personal injuries received in an automobile accident through the negligence of one Schneider, the sheriff of Rensselaer county. The defendant had issued its policy of insurance to Rensselaer county, covering an automobile belonging to the county, and devoted to the use of Schneider. This action originally was brought against both the county and the judgment debtor, but was dismissed as against the county because plaintiff had failed to file the notice of claim as required by section 6-a of the County Law. The defense was that the policy of insurance did not inure to the benefit of Schneider, and that under the policy contract and statutes, plaintiff, as his judgment creditor, had no cause of action against the defendant. The defendant agreed to pay all damages which the assured (Rensselaer county) might become liable to pay through the negligent operation of the automobile mentioned in the policy and also agreed: " The insurance granted by the foregoing provisions shall apply to additional assured as follows: (a) any person while riding in any automobile described in said declarations or while operating any automobile described in said declarations with the permission of the assured." The evidence sustains the findings that the county had purchased the automobile and three others and that all " had been assigned by the County of Rensselaer to Sheriff Herman C. Schneider of said county, for his use in conducting the business of his office;" also that the plaintiff was injured while Schneider " was operating said Packard automobile in the business of and with the permission and consent of the County of Rensselaer; that the County of Rensselaer had assigned said automobile to his office and had placed said automobile under his exclusive direction and control." The policy gave to the county as the named assured the protection, and the defendant assumed the obligations, mentioned in section 109 of the Insurance Law. The same protection was given by the quoted portion of the contract to the " additional assured," the sheriff, for whose

use the automobile was purchased and for whose protection the insurance was taken.

Defendant cites an earlier decision of this court (*American Lumbermens Mutual Casualty Co.* v. *Trask*, 238 App. Div. 668) as an authority requiring the reversal of this judgment. In that case, at the time of the accident, the automobile had been loaned by its owner, the named assured, to an automobile sales agent and was being driven by him. The portion of the policy concerning coverage for persons other than the named assured provided that there was none while the car was being driven by an automobile salesman. After the accident a judgment was recovered against the owner because of the liability created by section 59 of the Vehicle and Traffic Law, and against the negligent driver. A portion of it was paid by the plaintiff insurance company. In the action which was brought under the claim of subrogation, the defendant, the automobile salesman, sought to establish that the policy provided coverage for him through the language used in a rider entitled "New York Financial Responsibility Endorsement." This rider and indorsement stated: "This endorsement is to provide solely for the amending of the insurance coverage specified in the policy to which it is attached, to conform with the requirements of Article 6-A of the Vehicle and Traffic Law, as to the kind of coverage so specified." Thus the question there decided is not involved here and that opinion should be read having in mind that the general provisions of the policy insuring against public liability were not involved.

This record contains no exceptions to the findings. The appellant had obtained an order to show cause returnable at Special Term, to permit the filing of exceptions *nunc pro tunc*. By stipulation that motion was submitted to this court. We believe that we have power to relieve this omission. (*People* v. *Journal Co.*, 213 N. Y. 1, 5.) The motion to file exceptions *nunc pro tunc* is granted.

The judgment should be affirmed, with costs.

McNAMEE, CRAPSER and HEFFERNAN, JJ., concur; RHODES, J., concurs in the result, with a memorandum.

RHODES, J. I concur in the result. In our previous decision in *American Lumbermens Mutual Casualty Co.* v. *Trask* (238 App. Div. 668) the owner of an automobile had been held liable for the negligence of Trask who was operating her car with her consent. Her insurer paid the amount of her liability and became subrogated to her rights. At common law Trask, the wrongdoer, was liable over to her, and the insurance company, as subrogated to her rights, sought to enforce this liability over. The taking

out of insurance by Miss Philbeam, the owner, did not discharge or release Trask, the wrongdoer, from his common-law liability to her because of his negligence for which she had to stand responsible.

The facts in the case at bar are entirely different. Here, a person who has been damaged by the wrongful act of the sheriff is suing to recover the amount of those damages from the insurance company which agreed to pay such damages whether caused by the owner of the car or by any one using the car with the consent of the owner.

Judgment affirmed, with costs.