THOMPSON-STARRETT COMPANY, INC., Respondent, *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellant.

Argued November 18, 1937; decided December 7, 1937.

*Dickinson S. Talley, Jeremiah F. Connor* and *Desmond T. Barry* for appellant. The Appellate Division should have construed the indorsement in connection with the policy to which it was attached. (*Atwater & Co. v. Panama R. R. Co.*, 246 N. Y. 519; *Boylhart v. Dimarco & Reimann, Inc.*, 270 N. Y. 217; *Berla v. Zambetti*, 235 App. Div. 464; *Rosenberg v. Schwartz*, 260 N. Y. 162; *Dudar v. Milef Realty Corp.*, 258 N. Y. 415; *Matter of Garelick v. Rosen*, 274 N. Y. 64; *American Cereal Co. v. London Guarantee & Accident Co.*, 211 Fed. Rep. 96.) By its language, the indorsement did not cover the accident. (*Bird v. Beckwith*, 45 App. Div. 124; *Thompson-Starrett Co. v. Otis Elevator Co.*, 271 N. Y. 36; *Dudar v. Milef Realty Corp.*, 258 N. Y. 415.) The indorsement was not for the benefit of respondent. (*Fosmire v. National Surety Co.*, 229 N. Y. 44.) Respondent, by its acts, construed the indorsement against its present claim. (*Wirth & Hamid v. Wirth*, 240 App. Div. 413; 265 N. Y. 214; *Porter v. Pennsylvania R. R. Co.*, 217 App. Div. 49; *Bevin v. Steers*, 218 App. Div. 502; 245 N. Y. 508; *Long Island Coach Co. v. Hartford Acc. & Indemnity Co.*, 223 App. Div. 331; 248 N. Y. 629.) There was an estoppel. (*Matter of Burmester v. DeLucia*, 263 N. Y. 315; *Hessler v. North River Ins. Co.*, 211 App. Div. 595; *Roby v. Central Ins. Co.*, 120 N. Y. 510.)

*J. G. Fink* and *Harry N. French* for respondent. The loss was clearly within the express terms of the indorsement. (*Lo Galbo* v. *Columbia Casuatly Co.*, 234 App. Div. 510; *Standard Oil Co.* v. *United States*, 264 Fed. Rep. 66; *Westinghouse, Church, Kerr & Co.* v. *Long Island R. R. Co.*, 160 App. Div. 200; 216 N. Y. 697; *Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161; *Cass* v. *Realty Securities Co.*, 148 App. Div. 96; 206 N. Y. 649; *Matter of Garelick* v. *Rosen*, 274 N. Y. 64; *Creem* v. *Fidelity & Casualty Co.*, 141 App. Div. 493; 206 N. Y. 733; *Eddy* v. *London Assur. Corp.*, 143 N. Y. 311; *Howe* v. *Mill Owners Mut. Fire Ins. Co.*, 241 App. Div. 336; *Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Paskusz* v. *Philadelphia Casualty Co.*, 213 N. Y. 22; *Schumacher* v. *G. E. C. & I. Co.*, 197 N. Y. 58; *Benedict* v. *Ocean Ins. Co.*, 31 N. Y. 389.) The plaintiff is entitled to recover upon the contract of insurance as a third party beneficiary. (*Rector* v. *Teed*, 120 N. Y. 583; *F. N. Bank of Sing Sing* v. *Chalmers*, 144 N. Y. 432; *Hamilton* v. *Hamilton*, 127 App. Div. 871; *Seaver* v. *Ransom*, 224 N. Y. 233; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170; *Thompson-Starrett* v. *Otis Elevator Co.*, 271 N. Y. 36; *Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415; *Post & McCord, Inc.*, v. *N. Y. Mun. Ry. Corp.*, 187 App. Div. 167; 230 N. Y. 540; *Long Island R. R. Co.* v. *American Bridge Co.*, 175 App. Div. 170; 225 N. Y. 692; *McClare* v. *Massachusetts Bonding & Ins. Co.*, 266 N. Y. 371; *Graybar Electric Co.* v. *Seaboard Surety Co.*, 157 Misc. Rep. 275; *Fredenburg* v. *Fredenburg*, 159 Misc. Rep. 525; *Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y. 141; *Firemen's Fund Ins. Co.* v. *Pennant Finance Corp.*, 124 Misc. Rep. 369.) The claim of estoppel and that plaintiff has construed the indorsement against its present claim is without merit. (*Brown* v. *Gallaudet*, 80 N. Y. 413; *Rosenberg* v. *Slotchin*, 181 App. Div. 137; *Geiler* v. *Littlefield*, 148 N. Y. 603; *Wills* v. *Investors*

*Bankstocks Corp.*, 257 N. Y. 451; *Pagel, Horton & Co. v. Harmon Paper Co.*, 236 App. Div. 47.)

HUBBS, J. The respondent was the general contractor engaged in erecting a building. It entered into a- subcontract with the Gurney Elevator Company for the installation of the elevators. In that contract the Gurney Company covenanted to indemnify and save harmless the respondent general contractor against liability by the following provision of the subcontract:

" Article XV. Sub-Contractor shall indemnify and save harmless the Owner, Architect and Contractor against any and all claims and demands for damages to the property of any person, firm or individual and for personal injuries (including death) arising out of or caused, in whole or in part, by the execution of the Work, or caused, in whole or in part, by any fault or neglect of Sub-Contractor or its agents, servants and employees, whether the damages or injuries be sustained by any employee of Sub-Contractor, Contractor, Owner or Architect, or otherwise, and whether said claims or demands arise or are made under any provision of any workmen's compensation act or other law or statute, or otherwise."

That subcontract was dated August 3, 1929. On April 1, 1929, the appellant insurance company issued to the Gurney Company, the subcontractor, a contractor's contingent liability policy. The Gurney Company apparently subcontracted some of the work to be performed under its subcontract with the respondent, the general contractor. On August 8, 1929, the Gurney Company caused to be issued by the appellant, and attached to its policy a contingent liability indorsement which reads:

" In consideration of the above stated additional premium, it is hereby agreed that the policy to which this endorsement is attached is extended from 12:01 A. M. August 8th, 1929, to cover the liability of the Thompson-Starrett Company, Contractor and The N & L Realty

Corporation, Owner against loss from the liability imposed upon the aforesaid for damages on account of bodily injuries including death resulting therefrom suffered by any person or persons as a result of accidents occurring during the installation of elevators by the Gurney Elevator Company, Inc. at 30 Pine Street, New York, N. Y., it being agreed that the Thompson-Starrett Company, Contractor and the N & L Realty Corporation, Owner have no employees engaged in the installation work. * * *

" Nothing herein contained shall waive, vary, alter or extend any provision or condition of the under-mentioned policy other than as above stated."

This action is based on that indorsement. An employee of the Gurney Company named Burke, while working in the elevator shaft, was struck by a brick negligently dropped by an employee of the respondent. He recovered a judgment against the respondent for $35,000 which was subsequently settled and paid by it. Over five years after the accident happened to Burke, and about three years after the trial of the Burke case, this action was commenced to recover from appellant insurance company $25,000, the maximum amount of liability of the insurance company under its policy and indorsement, and also the expense of defending the Burke case. Thus far the respondent has succeeded on the theory that the indorsement constitutes a complete contract of insurance between itself and appellant insurance company or that the language of the indorsement has the effect of abrogating the provision of the policy, viz., that it covers only the contingent liability of the respondent, the insured, for negligence of its subcontractors.

It is a familiar rule that in construing an indorsement to an insurance policy the indorsement and policy must be read together and that the policy remains in full force and effect except as altered by the words of the indorsement. (*Matter of Garelick* v. *Rosen*, 274 N. Y.

64.) If an indorsement extends the term of a policy beyond the expiration day or hour specified in the policy, the time of expiration specified in the policy must give way to the stated time of expiration contained in the indorsement, as the indorsement has the effect of expressly changing that provision of the policy. That and nothing more was decided in *Matter of Garelick* v. *Rosen (supra)*.

It is equally true that if an indorsement attached to a policy expressly provides that it is subject to " all the terms, limitations and conditions of the policy," the policy and indorsement must be read together and an indorsement in such a case does not abrogate or nullify any provision of the policy unless so stated in the indorsement.

The insured Gurney Elevator Company was insured by the policy against contingent liability for damages, that is, liability for damages growing out of the fault of its subcontractors for which it would not be primarily liable. After the indorsement became effective, it had the same protection and no other. The indorsement had no greater effect than to give the respondent the same protection which the policy gave the insured, that is, the policy as stated in the indorsement " is extended " to cover the liability of respondent. Under the expressed terms of the policy it did not afford any protection to the insured, the Gurney Company, for its own negligence or the negligence of its own employees. It was not intended to and did not constitute a general coverage. By its terms it only protected the insured from a secondary liability growing out of the negligence of its subcontractors. Under the indemnity clause of the subcontract between the general contractor, the respondent, and the Gurney Company, the latter company was liable to the respondent for any damage caused it by the negligence of the subcontractors of the Gurney Company. The policy did not protect the Gurney Company, the insured, against such liability to its general contractor. It was to protect against such secondary liability that the indorsement was procured.

It happens not infrequently that a general contractor or owner may become liable for the negligence of a subcontractor. The indemnity clause contained in the contract was inserted to protect the general contractor from such liability. (Cf. *Boylhart* v. *DiMarco & Reimann, Inc.*, 270 N. Y. 217.)

Being liable to the general contractor, the insured sought by the indorsement to protect itself from such liability. If doubt there be as to the construction given to the documents, such doubt should be removed when the acts of the parties and the interpretations which they place upon the contracts are considered. When respondent was sued by Burke, it called upon the Gurney Company to protect it under the indemnity agreement contained in the subcontract. That company in turn called upon the appellant to protect it under the policy and indorsement in question. The appellant and the Gurney Company each denied liability, the Gurney Company on the ground that the indemnity agreement did not protect the general contractor from liability growing out of the negligence of its own employees (Cf. *Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36), and the appellant upon the ground that the policy and indorsement did not make it liable for the same reason as the policy and indorsement only protected against secondary liability growing out of the negligence of a subcontractor of the Gurney Company, the insured.

Under the indemnity agreement, the Gurney Company was under no obligation to procure insurance to protect the respondent. It was obligated to procure insurance to protect itself under the Workmen's Compensation Law (Cons. Laws, ch. 67) and from liability against claims for damage. It is hardly reasonable to suppose that it intended voluntarily to obligate itself to pay premiums on a policy which it was under no duty to furnish.

No demand was made by the respondent upon the appellant that it defend the Burke case or that it pay the judgment recovered therein. It did demand of the Gurney Company that it defend the case under the indemnity agreement and the Gurney Company in turn notified the appellant of such demand and stated that if it suffered any loss it would look to appellant for reimbursement. The appellant paid $1,797 for medical expense for Burke under its workmen's compensation policy. About three years after the accident to Burke, and after the action had been commenced by Burke against respondent, the appellant commenced an action to recover from the respondent the $1,797 it had paid out under its workmen's compensation policy for Burke's medical expenses. The respondent settled the action by the payment of the full amount claimed although it had a perfect defense if its present contention is correct that the appellant is liable to it under the indorsement. It is thus apparent that neither the respondent nor appellant during that period understood that the indorsement evidences an intent or had the effect of making the appellant liable to the respondent for damages caused it by the negligence of its own employee. The respondent could not have had any intent as to the purpose or effect of the indorsement as it did not know about it until months after it was issued.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.