## MICHIGAN ALKALI CO. v. BANKERS INDEMNITY INS. CO. et al.
### No. 236.

Circuit Court of Appeals, Second Circuit.
April 10, 1939.

Maxwell J. Kaplan, of New York City, for appellant.

Putney, Twombly & Hall, of New York City (Lemuel Skidmore, of New York City, of counsel), for plaintiff-appellee.

Moran, Galli & McGlinn, of New York City (John G. Donovan, William J. Moran and Louis P. Galli, all of New York City, of counsel), for impleaded defendant-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This is an action upon an "automobile public liability policy" issued by the defendant, Bankers Indemnity Insurance Company. Jurisdiction of the district court rests upon diverse citizenship. The defendant was allowed to implead The Travelers Insurance Company as a party alleged to be primarily liable (D.C., 19 F.Supp. 9), and the latter's motion to vacate the order and dismiss the defendant's cross-complaint for failure to state a cause of action was denied in D.C., 20 F.Supp. 424. At the trial each of the parties moved for a directed verdict. Accordingly, the district judge discharged the jury; and thereafter he denied the defendant's motion, directed judgment for the plaintiff in the sum of $15,000 with interest, and dismissed with costs the cross-complaint against The Travelers. The primary questions presented by the defendant's appeal are whether the defendant is liable under its policy, and, if it is, whether it has a cause of action over against The Travelers. The facts must be stated in some detail.

In June, 1932, the plaintiff rented from Universal Truck Rental Corporation for a term of two years an automobile tractor and trailer, the lessor agreeing to place lia-bility insurance thereon which would protect the lessee against personal injury claims resulting from operation of the vehicles. Pursuant to its contract, Universal obtained from the defendant the liability insurance policy in suit, which covered the rented tractor and trailer for a term of one year ending July 15, 1933. The "Named Assured" was Universal, but by clause 6 the policy was extended to any person operating the vehicles with the permission of named assured. This policy, though dated July 15, 1932, probably did not become effective until July 27, 1932, when it was countersigned by an authorized agent of the defendant. Two days prior thereto, however, the defendant mailed to the plaintiff, at its request, a certificate stating that the above mentioned policy was outstanding and that the name of the assured was "Universal Truck Rental Corporation &/or Michigan Alkali Company." On May 28, 1933, the rented vehicles, while being operated in the business of the plaintiff and by its employee, collided with an automobile and injured Mrs. Lopes, one of the occupants thereof. To recover damages therefor Mr. and Mrs. Lopes commenced actions in the Supreme Court of New York County against the plaintiff and Universal. The defense of these actions was undertaken by the defendant, but on October 10, 1934, it notified the plaintiff that its policy did not insure the plaintiff against the Lopes' claims because of the existence of a liability policy taken out by the plaintiff with The Travelers Insurance Company on May 8, 1933. Under a stipulation waiving prejudice, the defendant thereafter resumed defense of the Lopes' actions. Dismissal of them was obtained as against Universal; settlement of them as against the plaintiff was arranged for the sum of $15,000, which the plaintiff paid. To obtain reimbursement of this sum, the plaintiff brought the present action, pursuant to an agreement with The Travelers whereby the latter agreed to defray the fees of the plaintiff's attorneys and to pay the amount of the settlement with interest, in the event that the defendant's position should be sustained.

Whether the defendant is liable to the plaintiff depends upon the proper construction of the terms of its policy and of those of The Travelers' policy. As already stated, clause 6 of the defendant's policy extended the insurance of the named assured to any person operating the tractor and trailer with the permission of the named insured; but clause I imposed the

following condition: "I. * * * if any person, firm or corporation other than the Named Assured has valid and collectible insurance against any claim or loss, then such person, firm or corporation shall not be covered under this Policy."

Since the policy was issued nearly ten months prior to that of The Travelers, there can be no doubt that during this period the condition was not operative and the plaintiff as lessee of the rented vehicles was within the policy coverage by virtue of clause 6. See Maryland Casualty Co. v. Ronan, 2 Cir., 37 F.2d 449, 72 A.L.R. 1360; Hammond v. New York Casualty Co., 239 App.Div. 627, 269 N.Y.S. 290; Fried v. London Guarantee & Accident Co., 136 Misc. 740, 242 N.Y.S. 60. Whether condition I became operative to exclude the plaintiff from coverage under the defendant's policy by reason of the existence of The Travelers' policy involves a construction of the terms of the latter. By item 3 of the "Declarations", The Travelers' policy was "to cover hired trucks as per endorsement 1500 attached." Clause I of The Travelers' policy provided: "If the named Assured has concurrent insurance covering a loss also covered hereby, the Company shall be liable only for the proportion of such loss which the sum hereby insured bears to the whole amount of valid and collective concurrent insurance; * * *" But this clause must be read with one which appears on the attached rider, endorsement 1500. This reads as follows: "It is further agreed that if there exists, at the time of a loss covered by this Policy, a policy of insurance under the terms of which the named Assured is entitled to protection and coverage against such loss, then the insurance afforded by this Policy shall be excess insurance over and above the amount of such other valid and collectible insurance." This excess insurance provision is plainly inconsistent with the concurrent insurance provisions of clause I, and the provisions of the rider control. St. Paul Fire & Marine Ins. Co. v. Kidd, 2 Cir., 55 F. 238; Thompson-Starrett Co. v. American M. L. Ins. Co., 276 N.Y. 266, 270, 11 N.E.2d 905. Consequently, The Travelers' policy was only excess insurance if at the time of the loss the plaintiff was otherwise insured. The plaintiff was so insured by virtue of the defendant's policy, since the loss was within its limits and the policy was not invalidated under the terms of clause I by excess insurance but only by "collectible"

insurance. It follows that the defendant is liable to the plaintiff for the amount of the Lopes' settlement, since this sum is within the stated limits of its policy. Gutner v. Switzerland General Ins. Co., 2 Cir., 32 F.2d 700; see also Continental Casualty Co. v. Curtis Pub. Co., 3 Cir., 94 F.2d 710.

The defendant further urges that the plaintiff was the primary tort feasor and therefore The Travelers policy should be construed to provide the primary insurance. Several cases are cited in support of this contention. New Amsterdam Casualty Co. v. Hartford Accident & Indemnity Co., D.C.W.D.Ky., 18 F.Supp. 707; Commercial Casualty Ins. Co. v. Hartford Accident & Indemnity Co., 190 Minn. 528, 252 N.W. 434, on rehearing, 253 N.W. 888; Maryland Casualty Co. v. Bankers' Indemnity Ins. Co., 51 Ohio App. 323, 200 N.E. 849. These cases are distinguishable, however, since under the New York law there is no tort feasor whose liability can be called secondary. The plaintiff was the sole tort feasor. Section 59 of the N. Y. Vehicle and Traffic Law provides that persons engaged in the business of renting motor vehicles shall not be liable for injuries resulting from negligent operation by the renter, provided they carry public liability insurance which covers the renter. Universal procured such insurance and on this ground the Lopes' actions were dismissed as against it. By force of the statute and the defendant's policy covering the plaintiff, Universal escaped the statutory liability which otherwise would be imposed upon it as owner of the vehicles. It had nothing at risk and for all practical purposes the plaintiff was the sole assured. Atkins v. Hertz Drivurself Stations, Inc., 261 N.Y. 352, 358, 185 N.E. 408. Therefore the defendant cannot successfully maintain that it did not insure the primary risk. Its policy was the sole insurance covering the plaintiff's liability up to the limits of said policy. Indeed, it may perhaps be doubted whether condition I of its policy, if construed as the defendant urges, would not impose an invalid limitation upon the coverage in view of section 59 of the Vehicle and Traffic Law and section 109 of the Insurance Law. See Bakker v. Aetna Life Ins. Co., 264 N.Y. 150, 155, 190 N.E. 327; cf. Devitt v. Continental Casualty Co., 269 N.Y. 474, 199 N.E. 765. But this question need not be decided, since we have determined that The Travelers' excess insurance does not fall within the condi-

tion. Nor need we consider the plaintiff's contentions as to estoppel based on the certificate issued by the defendant and on its defense of the Lopes' actions.

█ Finally, it is argued that the plaintiff's complaint should have been dismissed because it was not the real party in interest because The Travelers had agreed to defray attorney's fees and indemnify the plaintiff if its action against the defendant should fail. This contention is without merit. This action is to get back what the plaintiff itself paid out. Even when a suit is for the benefit of an insurer, it may be brought in the insured's name. Luckenbach v. W. J. McCahan Sugar Ref. Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522; Kalle & Co. v. Morton, 156 App.Div. 522, 141 N. Y.S. 374.

█ Dismissal of the defendant's cross-complaint against The Travelers was plainly right. There could be no subrogation since neither Universal nor the plaintiff had any claim against The Travelers.

Judgment affirmed.