Wachtler, J. (dissenting).
The appellant, Alexander Shapiro, holds a personal excess liability policy which is represented to provide excess coverage for various perils including libel and slander as well as personal and contractual liability. This action was instituted by Shapiro after the respondent disclaimed the obligation to defend him in a defamation action. Shapiro contends that the insurance company is obligated to defend him since the policy extends to actions for slander. Appellant points to section 5.9 of the policy which defines personal injury as extending coverage to various intentional torts including specifically "libel, slander, defamation of character or reputation.” In addition, policy section 2.3 requires the insurance company to defend any suit against the insured within the coverage of the policy "even if any of the allegations of such suit are groundless, false or fraudulent.”
The respondent disclaims any duty to defend arguing that the policy does not extend coverage to intentional torts. They base their position on the inclusion of a standard amendatory endorsement which excludes those personal injuries "caused intentionally by or at the direction of the Insured.” In light of familiar rules of construction and the principle that the duty to defend is greater than the duty to pay, it is my view that the respondent’s position is devoid of merit and since the insurance company has failed to meet its burden of proof the matter should be reversed.
The initial focus here should be whether or not the exclusion for personal injuries caused intentionally will relieve the insurance company of its duty to defend in an action for *208 slander, despite the specific inclusion of slander in the definition of personal injuries covered.
According to settled principles of construction the policy and the endorsement are accorded equal weight and should be construed in a harmonious manner (see Thompson-Starrett Co. v American Mut. Liab. Ins. Co., 276 NY 266; Birnbaum v Jamestown Mut. Ins. Co., 298 NY 305; see, also, 13A Apple-man, Insurance Law and Practice, § 7537). However, where an ambiguity exists the language of the entire contract should be construed against the insurer whose experts on insurance draftsmanship and attorneys selected the language and should have clearly excluded the risk if there was any doubt. Here the policy includes an extensive explicit list of intentional torts within its coverage, while the endorsement excludes those injuries caused intentionally. Clearly these provisions are somewhat inconsistent and unclear. Therefore it is incumbent on the court to resolve the ambiguity against the insurer whose experts have drafted the policy. Consequently the respondent’s contention that coverage for all intentional torts is avoided by the endorsement is patently untenable. Certainly, the intentional torts listed are covered by the policy; what is uncertain is the effect, if any, of the exclusionary provision of the endorsement.
In my view, the endorsement excluding injuries caused intentionally should be construed to refer to those acts which are intentional in the sense that the insured deliberately desired to inflict injury, as opposed to merely desiring the natural consequences of his volitional acts. Although Shapiro may have spoken the allegedly defamatory words intentionally, the exclusion would apply only if the insurance company can establish that he spoke with the intent to commit a tort. The burden of proving that a particular incident and claim fall within the exclusions of a policy rests with the party claiming the exclusion (International Paper Co. v Continental Cas. Co., 35 NY2d 322). If an injured party states facts which bring the injury within the coverage, the policy requires the insurer to defend irrespective of the insured’s ultimate liability, provided there is no specific exclusion. Thus in International Paper (supra), we held that a defendant insurer, which issued a general liability policy excluding injuries covered by workmen’s compensation, was obligated to defend a suit in negligence brought against its insured by the insured’s employee for injuries ultimately found to have arisen out of the *209 employment relationship and hence excluded. The pivotal question in that case was whether or not the negligence complaint alleged facts sufficient on its face to raise the policy exclusion. We ruled that it did not. We distinguished Lionel Freedman, Inc. v Glens Falls Ins. Co. (27 NY2d 364) which involved an action patently within a specific exclusion for injuries incurred in the use of the elevator. The International Paper court went on to say that this type of liability insurance may also be called (p 326) "litigation insurance” and requires the insurance company to defend against even those complaints which may be based on debatable or untenable theories. Only where the court determines that no basis for recovery within the policy is stated may it sustain an insurance company’s refusal to defend. Here the respondent is obligated to defend because there is nothing aside from the bare allegation of slander to establish whether or not the tort was committed intentionally, or for that matter, whether the slander action is totally groundless. Thus the sound reasoning of International Paper (supra) compels a reversal in this case.
Accordingly, I dissent and would reverse.
Chief Judge Breitel and Judges Jasen, Gabrielli and Jones concur in memorandum; Judge Wachtler dissents and votes to reverse in a separate opinion in which Judges Fuchs-berg and Cooke concur.
Order affirmed.