(156 App. Div. 522.)

### KALLE & CO., Inc., v. MORTON.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

1. INSURANCE (§ 606*)—FIRE INSURANCE—RELEASE OF INSURER.

A policy stipulating that any agreement by insured with any carrier, providing that the latter shall have, in case of any loss for which he would be liable, the benefit of the insurance, shall discharge insurer from liability, etc., is rendered unenforceable by an agreement in a bill of lading that any carrier liable for loss shall have the benefit of any insurance so far as the same shall not avoid policies.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1511, 1514–1516; Dec. Dig. § 606.*]

2. INSURANCE (§ 599*)—PAYMENT—WAIVER OF DEFENSES.

An insurer who advances money to insured on conditions of the presentation of a claim to a carrier for the amount of the loss, and a refunding of the amount on receiving payment from the carrier, does not thereby pay the policy or waive any of its defenses.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1495, 1496; Dec. Dig. § 599.*]

3. INSURANCE (§ 599*)—CONDITIONAL PAYMENT.

An insurer may pay a policy on condition of the presentation of a claim to the carrier for the amount of the loss and a refunding of the amount paid on receiving payment from the carrier.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1495, 1496; Dec. Dig. § 599.*]

Submission of controversy on agreed statement of facts, pursuant to Code Civ. Proc. § 1279, between Kalle & Co., Incorporated, and Eliza A. Morton. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Arthur W. Clement, of New York City, for plaintiff.
Nathan P. Bushnell, of Peekskill, for defendant.

McLAUGHLIN, J. Submission of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure. It appears from the submission:

That on the 12th of December, 1910, the defendant, as a common carrier, was operating a line of steamers between New York City and Peekskill, N. Y. That on the day named there were delivered to her, at New York, for transportation to Peekskill, two barrels of dye, of the value of $330. That while in transit the dye was destroyed by fire, and the owner thereafter assigned its cause of action against the carrier to this plaintiff. That the bill of lading issued by the defendant, under which the dye was shipped, contained the following clause:

"Any carrier or party liable on account of loss or damage to any of said property shall have the full benefit of any insurance that may have been effected upon, or on account of said property, so far as this shall not avoid the policies or contracts of insurance."

That at the time the bill of lading was issued, and the dye destroyed, the shipper had a policy of insurance upon it which contained a statement that the same would be null and void to the extent of any in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

surance by the carrier which would attach and cover the property if such policy had not been issued. That in case any agreement were made or accepted by the assured with any carrier, by which it was stipulated that such carrier should have, in case of any loss for which he would be liable, the benefit of the insurance, that then the insurer should be discharged from any liability under its policy. That the policy contained a further provision that, in all cases of loss or damage by perils insured against, the insurer should be liable only for what could not be collected from the carrier, but the insured should be chargeable "with the direct pecuniary consequence to the assured, temporarily arising from delay in collection from said carrier." That pending such delay the insurer might advance to the insured funds for his protection, which sum, as soon as the same had been collected by the insured from the carrier, should be returned. That the insurance company disclaimed any liability for the loss on the ground that the bill of lading violated the policy, but pending the enforcement of a claim against the defendant, to recover the value of the dye destroyed, it advanced to the plaintiff as "a loan" $330, under a written agreement by which plaintiff agreed to prosecute its claim against the carrier and return to the insurance company so much of the money advanced, without interest, as might be collected from the carrier.

That the enforcement of the claim against the carrier was to be at the expense of the insurance company. That the carrier also had insurance upon the cargo, but it does not appear from the submission what part of such insurance would be apportionable to the dye. That the defendant has already paid to other shippers more than the total amount of insurance received by her.

Upon the foregoing facts, the plaintiff claims it is entitled to a judgment for $330 and interest, and the defendant claims she is entitled to judgment.

[1] The clause inserted in the bill of lading giving to the carrier the benefit of the insurance rendered the policy unenforceable. Fayerweather v. Phenix Ins. Co., 118 N. Y. 324, 23 N. E. 192, 6 L. R. A. 805.

[2] Defendant, however, contends that this fact is of no importance, since the insurance company, by advancing the amount of the loss, thereby waived any defense which it might have had to the enforcement of the policy on that ground; that the money advanced amounted, in legal effect, to a payment by the insurance company of its liability under the policy; and it was thereafter estopped from asserting the contrary.

There is nothing in the submission to indicate that the insurance company, in advancing the $330, intended thereby to waive any defense which it had, or that such advancement was to be considered as an unconditional payment of any liability under the policy; on the contrary, the agreement entered into between the insurance company and the shipper, at the time the money was advanced, shows that such was not its intent, and it did not so elect. The money was advanced upon certain specified conditions, among which were (a) the presentation of a claim to the carrier for the amount of the loss; and (b) upon

receiving payment to refund the same to the insurance company. If it be true, as indicated, that the policy could not have been enforced, then the insurance company had a right to exact such terms with respect to the carrier—that is, the party primarily liable to the insured— as it chose as a condition of payment. Inman v. South Carolina Ry. Co., 129 U. S. 128, 9 Sup. Ct. 249, 32 L. Ed. 612; Bradley v. Lehigh R. R. Co., 153 Fed. 350, 82 C. C. A. 426.

[3] If it be conceded, as contended by the defendant, that the transaction amounted to payment by the insurance company, so as to relieve it of all liability under its policy, nevertheless it was upon terms which it had the legal right to impose. It, however, was not a payment or a waiver by the insurance company of its defense. Pennsylvania R. R. Co. v. Burr, 130 Fed. 847, 65 C. C. A. 331; Southard v. M., S. P. & S. S. M. Ry. Co., 60 Minn. 382, 62 N. W. 442, 619.

It follows that the plaintiff is entitled to judgment against the defendant for $330, with interest from December 12, 1910, together with costs. All concur.