[Civ. No. 11774.   First Dist., Div. Two.   Apr. 28, 1942.]

JOSEPH HEUER et al., Respondents, v. TRUCK INSUR-ANCE EXCHANGE (a Corporation), Appellant.

Appelbaum & Mitchell and Lewis N. Mitchell for Appellant.

Frank J. Baumgarten for Respondents.

SPENCE, J.—Plaintiffs, as the heirs at law of Helen Heuer, deceased, recovered a judgment in the sum of $3,500 and costs against one Robinson for the death of said deceased. Plaintiffs then brought this action against defendant Truck Insurance Exchange as the insurer of said Robinson. The cause was tried by the court, sitting without a jury, and a judgment was entered in favor of plaintiffs. Defendant appeals from said judgment.

On April 6, 1938, defendant issued its automobile liability insurance policy to said Robinson which policy contained the customary provision for a right of action on behalf of a third person to recover against the insurer in the event that

a judgment for personal injuries or death was recovered by such third person against the insured. Robinson was operating a trucking business under a permit issued pursuant to the "City Carriers' Act" (Stats. 1935, chap. 312; Deering's Gen. Laws 1937, Act 5134). Said policy was filed with the Railroad Commission on April 9, 1938. Under section 6 of said act, it is provided that such policy "shall not be cancellable on less than ten (10) days written notice to the Railroad Commission."

The accident and resulting death of the deceased occurred on April 25, 1938. Prior to that time, defendant had addressed letters to Robinson and the Railroad Commission under date of April 23, 1938. The letter to Robinson gave notice that the policy "will be cancelled and all liability of this Exchange will cease on April 30, 1938 at 12:01 a. m." There was enclosed in said letter a check for $5.14 to cover "the unearned Guaranty Deposit Premium" and defendant retained the premium which would have been earned up to April 30, 1938. The letter to the Railroad Commission notified the commission that Robinson's policy "will be cancelled at 12:01 a. m., Standard Time, on May 4, 1938." The last-mentioned date was no doubt used as the effective date of the cancellation because of the statutory requirement of ten days' notice to the commission found in the above-quoted provision of section 6 of the act.

The foregoing facts are undisputed and it is entirely clear that the accident of April 25, 1938, occurred before the effective date of cancellation fixed by defendant in either its letter to Robinson or its letter to the Railroad Commission. There are other facts, however, upon which defendant relied in the trial court.

Robinson dealt with one Silverstein in obtaining his insurance coverage and defendant claimed that Silverstein represented Robinson rather than the defendant. The trial court found against defendant on this claim as will hereinafter appear. The evidence showed and the trial court found that several insurance companies had previously cancelled their policies with Robinson and that Silverstein knew of said prior cancellations. Shortly after defendant issued its policy to Robinson, it notified its district manager "to get hold of the agent that wrote it and have him place it in another company because we wanted to get off." The district manager testified "They told me to get hold of Silverstein and have him assist the assured." Silverstein notified Robinson

and the latter demanded that the district manager tell him why defendant desired to cancel his policy. The district manager said he did not know but that the policy would not be cancelled until such time as another policy had been obtained in order to permit Robinson to continue his operations under the "City Carriers' Act."

Silverstein then applied for a policy for Robinson with the New York Casualty Company. He represented to the latter that no previous insurance policy of Robinson's had been cancelled. There was a conflict in the evidence on the subject of the making of these representations by Silverstein but the trial court made findings against defendant with respect to said representations and defendant does not question the sufficiency of the evidence to sustain said findings. As a result of Silverstein's efforts, a policy of insurance was written by the New York Casualty Company on April 22, 1938, and was delivered by Silverstein to Robinson. This policy contained an express declaration, in line with Silverstein's representations, that no policy of Robinson's had previously been cancelled. It appeared that an endorsement required by the Railroad Commission had not been attached to said policy and Silverstein took back the policy for the purpose of obtaining said endorsement. The endorsement was duly attached and the policy was forwarded to the Railroad Commission for filing. It reached the commission and was filed on April 26, 1938, being the day following the accident.

When defendant received notice of the accident, it took the position that its policy had been cancelled prior to the accident of April 25, 1938. It denied liability and refused to defend Robinson in the action thereafter instituted by plaintiffs against him. The New York Casualty Company took the position that its policy was void because of material misrepresentations but it entered into an agreement with Robinson to defend plaintiffs' action without waiving any of its rights.

The action brought by plaintiffs against Robinson was tried by the court sitting without a jury. Prior to the trial of that action, and on April 15, 1939, plaintiffs entered into an agreement with the New York Casualty Company to which reference will be hereinafter made. Following the making of that agreement, counsel for both parties advised the trial court that the cause was to be tried on its merits, but that in the event of a recovery by plaintiffs, the prayer of the complaint was reduced to a prayer for $3,500. Thereafter and on

April 21, 1939, plaintiffs recovered judgment against Robinson in said action for $3,500 and costs. Following the entry of said judgment and on May 2, 1939, plaintiffs entered into a further agreement with the New York Casualty Company and thereafter commenced this action against defendant.

The above-mentioned agreements of April 15, 1939, and May 2, 1939, are the subjects of discussion in the briefs. The agreement of April 15 was in the form of a letter addressed by plaintiffs to the New York Casualty Company. It recited that said company has disclaimed liability under its policy and that it took the position that said policy was void and had been rescinded. It provided "In the event of our recovering a judgment in the above case against R. G. Robinson, we agree to fully release your company of all claims under any policy of your company issued to said Robinson, on account of such judgment or by reason of any liability of said Robinson arising out of the subject matter of the above suit, upon the payment and advance to us by you of a sum equal to one-half of the amount of any such judgment, exclusive of costs, (which sum in no event shall exceed $1,750.00) and we further agree, from and out of any moneys received by us, by suit or settlement, upon any claim which we may have against any person, firm or corporation (other than said Robinson) based upon any such judgment against said Robinson or upon any liability of said Robinson arising out of the subject matter of the above suit, and not otherwise, to repay to you all sums so received by us in excess of one-half of the principal, exclusive of interest and costs, of any judgment recovered by us against said Robinson in the above action, up to but not exceeding the amount, with interest thereon, hereinabove provided to be paid and advanced to us by you."

The agreement of May 2, 1939, was in the form of a release. It recited the issuance of the policy of the New York Casualty Company to Robinson and the subsequent rescission thereof on the ground of material misrepresentations; the disclaimer of liability by said company; the entry of the judgment in favor of plaintiffs against Robinson; and the desire of the parties to settle all claims. It was therefore agreed in consideration of the sum of $1,750, "paid and advanced" to plaintiffs, that plaintiffs would release said company from all claims. It was further agreed that the "payment and advance" of said sum should not be construed as a waiver by

the company of its rescission of the policy or as an admission of liability. It was further agreed that in the event that plaintiffs should recover any sum from any person or corporation, other than Robinson, upon said judgment in excess of $1,750, then plaintiffs in that event and not otherwise agreed to repay to said company an amount equal to such excess but in no event more than $1,750 with interest from date at 7 per cent per annum. Plaintiffs further agreed not to assign or settle their claim without the consent of said company and, "to secure the repayment of said sum of $1,750 and interest," plaintiffs granted to said company "a lien upon all the proceeds of said judgment against said Robert G. Robinson and upon all the proceeds of any claim or cause of action against any person, firm, corporation or insurer as above mentioned."

The trial court found that on April 25, 1938, said policy issued by defendant to Robinson had not been cancelled and that it was then in full force and effect; that on said date, Robinson negligently operated his truck and thereby caused the death of the deceased; that plaintiffs thereafter recovered the above-mentioned judgment against Robinson for damages for the death of said deceased which judgment had become final; that said judgment had not been satisfied in whole or in part but that the New York Casualty Company had made a loan to plaintiffs of $1,750; that said judgment was not collusive and was not rendered pursuant to any plan to receive said $1,750 in full or any satisfaction of said judgment; that Silverstein was the licensed agent of defendant and that he knowingly made false representations to the New York Casualty Company in applying for the policy for Robinson; that said company relied upon said representations in issuing its policy to Robinson; that said company promptly rescinded its policy upon learning of the falsity of said representations; that said policy of the New York Casualty Company was void from its inception and was not in force on April 25, 1938; that defendant had refused upon demand to pay said judgment and that there was owing and unpaid from defendant to plaintiffs the full amount thereof together with interest thereon; and that plaintiffs were the real parties in interest in this action.

Defendant contends that certain of the findings of the trial court are not sustained by the evidence. In this connection, it may be stated that defendant makes no claim that the evidence was insufficient to sustain the findings regarding

the false representations by Silverstein to the New York Casualty Company and the resulting invalidity of the policy issued by that company. Defendant does attack the finding to the effect that defendant's policy had not been cancelled and that it was in force on April 25, 1938. It claims that its policy had been cancelled by mutual consent of the parties. It is a sufficient answer to this claim and to the authorities relied upon by defendant to point out that the policy here was issued to provide the compulsory, statutory insurance required by the above-mentioned act in order to qualify Robinson for a permit to operate under said act. Under the terms of said act, said policy could be cancelled only in the manner provided in section 6 of the act and it could not be cancelled by mutual consent of the parties in violation of the provisions of said section. The distinction between what may be termed voluntary insurance and what may be termed compulsory, statutory insurance has been heretofore discussed in the authorities. (See *Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743, 751 [7 P. (2d) 999]; *National Auto. Ins. Co.*, v. *Industrial Acc. Com.*, 19 Cal. App. (2d) 276, 281 [65 P. (2d) 128].) Defendant recognized the fact that its policy was not cancellable except upon giving ten days' notice to the Railroad Commission when it sent notice to the commission on April 23, 1938, that its policy would be cancelled on May 4, 1938. We conclude that the finding that defendant's policy had not been cancelled and that said policy was in force on April 25, 1938, is sustained by the evidence.

Defendant also attacks the finding that Silverstein was the agent of the defendant. While the words "broker" and "agent" were used rather loosely in certain questions and answers found in the record, the true facts were brought out in the testimony directed specifically to the issue in question. Silverstein testified that he was never a licensed broker but that in 1938, he did have "agency rights with the Truck Insurance Exchange." Defendant's district manager testified that Silverstein was "a licensed agent of the Truckers" and that Silverstein was acting "for us as soliciting agent." This testimony was ample to sustain said finding of the trial court.

Defendant also attacks the findings that the judgment against Robinson was not collusive and that the New York Casualty Company made "a loan" to plaintiffs in the sum of $1,750. There is no evidence whatever in the record to sustain defendant's claim that the judgment against Robinson was

collusive. It affirmatively appears that said action was tried on its merits and that the only stipulation made in that case was that the prayer of the complaint should be reduced to $3,500. With respect to the money advanced to plaintiffs by the New York Casualty Company, we believe the evidence was ample to sustain the finding that said money was advanced as "a loan." The agreements dated April 15, 1939, and May 2, 1939, show that said money was to be repaid with interest upon certain contingencies and that said company was given a lien to secure the repayment thereof.

Closely related to the attack last mentioned is defendant's attack upon the findings that the judgment against Robinson remained wholly unsatisfied and that plaintiffs were the real parties in interest in this action. Defendant cites and relies upon *Yezek* v. *Delaware, L. & W. R. Co.*, 176 Misc. 553 [28 N. Y. S. (2d) 35] and *Purdy* v. *McGarity*, 262 App. Div. 623 [30 N. Y. S. (2d) 966]. Both cases involved facts showing that the insurer's liability to the insured was absolute and that the so-called loan transactions were mere subterfuges. In the Yezek case, the court distinguished numerous cases in which transactions had been upheld as loan transactions and said at page 37, "In the latter class, of which the present case is one, the insurer's liability to the insured is *absolute* when the loss occurs. . . . The insured is entitled to prompt payment without resort to a loan. The transaction is held to be a payment." And on the same page the court quoted from *Kalle & Co., Inc.* v. *Morton*, 156 App. Div. 522, 524 [141 N. Y. Supp. 374], as follows: "If it be true, as indicated, that the policy could not have been enforced, then the insurance company had a right to exact such terms . . . as it chose as a condition of payment." In the present case, the policy issued by the New York Casualty Company was void and could not have been enforced. There was obviously no liability, absolute or otherwise, upon said company as in the cases cited by defendant. Under these circumstances said company could exact such terms from plaintiffs as it saw fit in making the advance of $1,750. In other words, said company could properly enter into a loan transaction secured by a lien and the trial court was justified in finding that such was the nature of the transaction resulting from the agreements above mentioned. It follows that the finding that the judgment remained wholly unsatisfied was sustained by the evidence. It further follows that the finding that plaintiffs were the real parties in interest was

sustained by the evidence as the lien, or agreement for a lien, held by said company, transferred no title to the latter. (Civ. Code, § 2888.)

Defendant's further contentions that "The evidence is insufficient to justify the judgment" and that "The judgment is against law" present no points which require further discussion.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.