RUDOLPH WURLITZER Co., Plaintiff, *v.* RETURN LOADS BUREAU, INC., Defendant.

Supreme Court, Trial Term, New York County, April 11, 1944.

*Joseph Haskell* for plaintiff.

*Joseph H. Sand, Charles Trynin* and *Henry H. Shepard* for defendant.

NULL, J. It is my conclusion that the plaintiff is the real party in interest and may maintain this action (*Luckenbach* v. *McCahan Sugar Co.*, 248 U. S. 139; *Kalle & Co., Incorporated*, v. *Morton*, 156 App. Div. 522, affd. 216 N. Y. 655; *Adler* v. *Bush Terminal Company*, 161 Misc. 509, affd. 250 App. Div. 730; *Balish* v. *Advance Fuel Oil Corp.*, 266 App. Div. 683; *Banca C. I. Trust Co.* v. *Clarkson*, 274 N. Y. 69). The case of *Cocoa Trading Corp.* v. *Bayway Terminal Corp.* (290 N. Y. 697) may not be read to the contrary. The opinion of the Court of Appeals in that case clearly indicates that its decision was confined to a consideration of a pleading upon a motion that it be stricken as sham. It is stressed in the opinion handed down upon reargument that the basic issues raised by the answer were to be held " until the facts are more fully disclosed " (290 N. Y. 865). Therefore, plaintiff's motion to substitute or to add its insurer as a party plaintiff is denied.

The only document assented to or accepted by the plaintiff which may be said to apply to the shipment of pianos from De Kalb, Illinois, to New York was the one delivered at the time the same were turned over and received by the defendant carrier. This shipping document is the only one which can fairly be said to constitute the bill of lading or contract between the parties (*Swift* v. *Pacific Mail Steamship Co.*, 106 N. Y. 206, 219; *Adler* v. *Bush Terminal Company, supra*, p. 510). This bill of lading contained no such limitations of liability as asserted by the defendant. Moreover, the pianos in the shipment were articles of commerce. They could not be considered household goods to be covered under a bill of lading referring to personal effects and home furnishings. In addition, the rates, rules and regulations of the tariff under which the defendant published its " Uniform Household Goods Bill of Lading " would not be applicable to uncrated pianos since the defendant, prior to the shipment in question, withdrew these items from such tariff.

Accordingly, judgment is directed in favor of the plaintiff for the sum of $2,882.82. The defendant may have thirty days' stay and sixty days to make a case.