Hart, J.
 

 The question raised or sought to be raised by the plaintiff’s demurrer to the second defense of the answer and by its motion to strike certain allegations from the first defense of the answer is whether, under these pleadings, the plaintiff, which brings this action pursuant to the terms of an alleged “loan agreement” with its insurer, is the real party in interest within the meaning of Section 11241, General Code.
 

 The demurrer admits the truth of the facts well pleaded in the second defense of the answer. The demurrer necessarily admits for its purpose that “the payment of the judgment obtained by Ernest J. Hooker against the plaintiff herein * * * was not made with funds of the plaintiff herein and plaintiff herein did not sustain any damage or incur any loss thereby;” and that “said sum of $22,527.86 was paid by said underwriters and received by the plaintiff not as a loan but in payment and discharge of said underwriters’ absolute liability as provided in the certificates and policies of said insurance.”
 

 It is the plaintiff’s claim that its insurer has no interest in or lien upon any recovery which plaintiff might obtain against the defendant. In effect, it is plaintiff’s claim that its insurer has not paid the loss but has merely made a loan to plaintiff and consequently is not subrogated to its right of action, if any, against the defendant.
 

 The case of
 
 Purdy
 
 v.
 
 McGarity,
 
 30 N. Y. Supp. (2d), 966, is a case similar in facts to the one at bar. It was an appeal from an order of the Supreme Court of New York which struck out a separate defense set up in the answer of the defendant who prosecuted that appeal. The automobiles of the respective parties
 
 *22
 
 collided on a public highway, as a result of which plaintiff instituted an action against the defendant to recover for damage to his car on the theory that defendant’s negligence was the cause of the collision.
 

 The defendant’s answer contained a general denial and in addition the following defense which the court below struck out:
 

 “That prior to the commencement of this action plaintiff * * * duly assigned and transferred the alleged cause of action set forth in the complaint herein, and all his right, title and interest therein to an insurance corporation, whose name is unknown to the defendant, and that the insurance corporation, at the time of the commencement of the action was, and still is, the sole owner and holder of the cause of action, and is the real party in interest herein. ’ ’
 

 The court in the course of its opinion said:
 

 “If the averments of the answer be true, a meritorious defense is disclosed and if established on the trial will defeat a recovery by plaintiff. The separate defense contained in the answer is pleaded as a complete defense and the plain meaning of the allegations thereof is that plaintiff has divested himself of his cause of action in favor of his insurer. An action must be prosecuted in the name of the real party in interest. * * *
 

 *
 
 *
 
 *
 

 “If the allegations of a pleading are in any way material they ought not to be stricken out on motion, and the test of materiality is whether they tend to constitute a cause of action or defense; if they do, they are not irrelevant and ought not to be suppressed.
 

 “No basis exists for holding that the answer before us is false. In fact the very document, the loan receipt, upon which plaintiff relies to establish falsity is pregnant with the admission that the insurance company is the real owner of the claim in suit. It strains our
 
 *23
 
 credulity too far to treat that agreement as one for a loan. It recites that plaintiff received from its insurer ‘$69.95 as a loan and repayable only to the extent of any net recovery’ which plaintiff ‘may make from any person or persons, corporation or corporations’ by reason of the damage to plaintiff’s car. If there be no recovery evidently plaintiff cannot be required to repay the money advanced. Not only that but in the agreement plaintiff expressly stipulates to prosecute an action against the wrongdoer ‘at the expense and under the exclusive direction and control’ of the insurer, and pledges any recovery to it.”
 

 Cases holding to the same effect are
 
 American Alliance Ins. Co.
 
 v.
 
 Capital National Bank of Sacramento,
 
 75 Cal. App. (2d), 787, 171 P. (2d), 449;
 
 Cocoa Trading Corp.
 
 v.
 
 Bayway Terminal Corp.,
 
 290 N. Y., 697, 49 N. E. (2d), 632, rehearing denied 290 N. Y., 865, 50 N. E. (2d), 247;
 
 Humphries
 
 v.
 
 Gifford,
 
 73 N. Y. Supp. (2d), 786;
 
 Charles Miller Coat Co., Inc.,
 
 v.
 
 Myron Herbert, Inc.,
 
 300 N. Y., 477, 88 N. E. (2d), 659;
 
 Mersereau v. Binghamton Gas Works,
 
 273 App. Div., 97, 76 N. Y. Supp. (2d), 435;
 
 Zabar
 
 v.
 
 870 Seventh Avenue Corp.,
 
 86 N. Y. Supp. (2d), 595, affirmed 90 N. Y. Supp. (2d), 274;
 
 Maurice Slater Trucking Co.
 
 v.
 
 Maus,
 
 77 N. Y. Supp. (2d), 343;
 
 Yezek
 
 v.
 
 Delaware, L. & W. Rd. Co.,
 
 28 N. Y. Supp. (2d), 35.
 

 It is not to be denied that there are judicial determinations to the contrary. See
 
 Sosnow, Krantz & Simcoe, Inc.,
 
 v.
 
 Storatti Corp.,
 
 295 N. Y., 675, 65 N. E. (2d), 326;
 
 Home Ins. Co.
 
 v.
 
 Rosenfield, 56 N.
 
 Y. Supp. (2d), 454;
 
 Blair
 
 v.
 
 Espeland,
 
 —Minn., —, 43 N. W. (2d), 274;
 
 State Farm Mutual Auto Ins. Co. v. Hall,
 
 292 Ky., 22, 165 S. W. (2d), 838;
 
 Phillips
 
 v.
 
 Clifton Mfg. Co.,
 
 204 S. C., 496, 30 S. E. (2d), 146;
 
 Newco Land Co.
 
 v.
 
 Martin,
 
 358 Mo., 99, 213 S. W. (2d), 504. See annotations, 1 A. L. R., 1528, 132 A. L. R., 607, and 157 A. L. R., 1261.
 

 
 *24
 
 The case most frequently cited as supporting the position of the plaintiff is that of
 
 Luckenbach
 
 v.
 
 W. J. McCahan Sugar Refining Co.,
 
 248 U. S., 139, 63 L. Ed., 170, 39 S. Ct., 53, 1 A. L. R., 1522. That case, as one of a class of cases, is to be distinguished from many others for the reason that in that case the insurer’s liability was contingent upon the nonliability of a carrier in whose possession the goods insured were at the time of their loss, and could not be enforced by the insured without a determination of such nonliability of the carrier. In the meantime, in that case, the insurer paid the insured the amount of the loss, taking hack an agreement to repay the insurer the amount recovered by the insured from the carrier in case the carrier’s liability was established. Other cases of this type are
 
 Adler
 
 v.
 
 Bush Terminal Co.,
 
 291 N. Y. Supp., 435, and
 
 Kalle & Co., Inc.,
 
 v.
 
 Morton,
 
 141 N. Y. Supp., 374, affirmed, 216 N. Y., 655, 110 N. E., 1043. Those cases are to be distinguished from cases in which, as here, the insurer’s liability to the insured is absolute when the loss occurs.
 

 In the instant case, the liability of the insurer to the plaintiff was absolute and the latter was entitled to payment without resort to a loan.
 

 Can there be any good reason why, in a proper case, the ordinary rules of subrogation should not apply?
 

 In the recent case of
 
 United States v. Aetna Casualty & Surety Co.,
 
 338 U. S., 366, 94 L. Ed., 171, 70 S. Ct., 207, 12 A. L. R. (2d), 444, construing the federal Tort Claims Act, providing for the prosecution of tort claims against the United States for wrongful act or wrong-ful death in connection with revised U. S. Statute 3477 prohibiting transfers and assignments of such claims except assignments made as the payment of a claim, the court held that an insurer-subrogee, who has substantive equitable rights, such as an insurance com
 
 *25
 
 pany which has been subrogated wholly or in part bv. payment to an insured upon a claim arising under the federal Tort Claims Act, qualifies as “the real party in interest” within the meaning of Rule 17 (a) of the Federal Rules of Civil Procedure, which provides that every action shall be prosecuted in the name of such party and that a. subrogee who has paid an entire loss suffered by the insured must sue in his own name, as he is the only real party in interest; that an insurer who has paid only part of the loss suffered by the insured may bring suit alone as the real party in interest ; and that he is not required to bring suit in. the name of the insured for his own use and for the use of the insurance company.
 

 In the opinion in that case, Chief Justice Vinson, after discussing the reasons for prohibition of the assignment of claims against the United States and observing that the rule has been held not to apply to transfers by operation of law, said:
 

 " * * * subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore, Federal Practice (2 Ed.), page 1339. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tort feasor which qualify them as real parties in interest. ’ ’
 

 It is the view of this court that, in the instant ease, under the facts conceded by the demurrer the “loan agreement” is a pure fiction; that, under Section 11241, General Code, providing that “an action must he prosecuted in the name of the real party in interest,” the insurer was a necessary party; and that, under Section 11256, General Code, providing that “parties who are united in interest must be joined, as plaintiffs or defendants,” the plaintiff and its insurer were
 
 *26
 
 united in interest and required to be joined as parties plaintiff or defendant.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft and Matthias, JJ., concur.