Bell, J.
The question to be decided may be stated as follows : May the subrogee of a part of a property damage claim under a $50 deductible automobile collision policy maintain an action against the tort-feasor, where the insured under such deductible policy brought a separate action for personal injuries which was settled and dismissed before the bringing of the action for part of the property damage by the subrogated insurance company?
*7 Or stated more broadly, the question presented is the effect of the decision in Rush v. City of Maple Heights, 167 Ohio St., 221, 147 N. E. (2d), 599, on the rights of an insurance company subrogated to part of its insured’s property damage claim after its insured has settled his claim.
'In In Rush v. Maple Heights, supra, this court held that when a person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises and, in so holding, overruled paragraph four of the syllabus in Vasu v. Kohlers, Inc., 145 Ohio St., 321, 61 N. E. (2d), 707, 166 A. L. R., 855.
The fourth paragraph of the syllabus of the Vasu case had held that injuries to both person and property suffered by the same person are infringements of different rights and give rise to distinct causes of action, and that recovery on one was, in the absence of estoppel, no bar to recovery on the other.
As was pointed out by Judge Herbert in the majority opinion in the Bu,sh case, “the decision of the question actually in issue in the Vasu case is found in paragraphs six, seven and eight of the syllabus.” Or, as it was more pointedly noted by Judge Stewart in his concurring opinion, “neither the discussion in the Vasu case as to whether a single or double cause of action arises from one tort nor the language of the fourth paragraph of the syllabus was necessary to decide the issue presented in the case, and obviously both such language and such paragraph are obiter dicta and, therefore, are not as persuasive an authority as if they had been appropriate to the question presented.”
The Vasu case was an action started by an insured after judgment had been rendered ag’ainst his insurer in an action initiated by it after having paid the insured for damages to his automobile. The defense of res judicata was raised against the insured based on the judgment against his insurer. A unanimous court held, as follows, in the sixth, seventh and eighth paragraphs of the syllabus :
“6. Where an injury to person and to property through a single wrongful act causes a prior contract of indemnity and subrogation as to the injury to property, to come into operation for the benefit of the person injured, the indemnitor may prose *8 cute a separate action against the party causing such injury for reimbursement for indemnity monies paid under such contract.
“7. Parties in privy, in the sense that they are bound by a judgment, are those who acquired an interest in the subject matter after the beginning of the action or the rendition of the judgment; and if their title or interest attached before that fact, they are not bound unless made parties.
“8. A grantor or assignor is not bound, as to third persons, by any judgment which such third persons may obtain against his grantee or assignee, adjudicating the title to or claim for the interest transferred, unless he participated in the action in such manner as to become, in effect, a party. ’ ’
None of those paragraphs of the syllabus in the Vasu case was disturbed by the holding of this court in Rush v. Maple Heights, supra. Nor did the court intend to disturb any of them.
The factual pattern which gave rise to the litigation in Rush v. Maple Heights, when viewed in the light of the practice which prevailed in some of the larger counties which have several Municipal Courts, makes the decision in that case more logical, perhaps essential. As happened in that case, after an accident, the person injured (and it must be remembered that in that case there was only one party plaintiff involved, the injured party) instituted an action for property damage in one of the Municipal Courts of Cuyahoga County. At or about the same time, the same party brought an action for personal injuries in the Common Pleas Court of Cuyahoga County. The property damage action in the Municipal Court was pressed for trial which resulted in a judgment for the plaintiff for $100 and a specific finding, requested by the plaintiff, that the defendant was guilty of negligence, which negligence was the proximate cause of the plaintiff’s injury.
When the case came on for trial later on the crowded docket of the Common Pleas Court, the plaintiff filed a motion for an order setting the cause for trial on the issue of damages alone for the reason that the liability of the defendant had been previously determined in the Municipal Court, and that the Municipal Court judgment was therefore res judicata as to the defendant’s negligence. Ultimately this court adopted what it *9 considered to be the majority and better rule in this country that where a person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises in favor of that person.
But had the original action for property damages been brought by the insurance company, as in the Vasu case, a judgment either for or against it could not be res judicata as to the insured in his action against the tort-feasor because there would not be an exact identity of parties. State, ex rel. Ohio Water Service Co., v. Mahoning Valley Sanitary District, 169 Ohio St., 31, 157 N. E. (2d), 116.
It is perhaps desirable, to the end of minimizing litigation, that insured and insurer join in bringing’ one action to recover both the deductible and nondeductible portions of property damage. But it is not necessary to do so, although .such joinder may be required upon motion of the tort-feasor. Cleveland Paint & Color Co. v. Bauer Mfg. Co., 155 Ohio St., 17, 97 N. E. (2d), 545; National Retailers Mutual Ins. Co. v. Gross, 142 Ohio St., 132, 50 N. E. (2d), 258. See, also, Holibaugh v. Cox, 167 Ohio St., 340, 148 N. E. (2d), 677.
Under our holding in Rush v. Maple Heights, a cause of action existing in one person cannot be split, so as to permit him to bring two actions on that one cause of action. On the other hand, one who has succeeded to a part of a claim by virtue of a contract of assignment should not be precluded from recovering on that part by payment to his assignor of the unassigned part of the claim. Particularly should that be true where, as in this case, the tort-feasor had knowledge of the assignment. Nor should one who has perhaps suffered severe personal injuries be precluded from attempting to recover for those injuries merely because the one allegedly responsible therefor has settled the often comparatively minor property damage with an insurance carrier who has been subrogated to the injured party’s property damage claim.
We conclude, therefore, that:
Where one person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises in favor of such person.
Where, by virtue of a prior contract of indemnity and sub *10 rogation, an insurer pays its insured for property damage sustained and becomes thereby subrogated to the rights of its insured to the amount of such payment, such insurer may prosecute a separate action against the party causing such injury to the extent of the amount paid under such contract.
Where only a part of a property damage claim is paid by the insurer and it becomes subrogated, therefore, to only a part of the claim against the tort-feasor, such tort-feasor may require either the assignor or the subrogee to be made a party to an action brought against him by the other.
It follows from what has been said that the judgment of the Court of Appeals must be, and it hereby is, affirmed.

Judgment affirmed.

Weygandt, C. J., Taft, Matthias, Herbert and 0 'Neill, JJ., concur.