YOUNG, APPELLANT, *v.* DRIVE-IT-YOURSELF, INC., APPELLEE.

308

(No. 2608—Decided May 27, 1961.)

Messrs. *Altick & McDaniel,* for appellant.
Messrs. *Iddings, Jeffrey & Donnelly,* for appellee.

CRAWFORD, P. J.  Plaintiff, appellant herein, rented an automobile from the defendant, appellee herein, and while driving it became involved in an accident, in connection with which certain judgments were subsequently entered against him in Miami County, Ohio, and paid by him.  He then brought this action against the defendant for breach of its contract of insurance indemnifying him against such loss.

At the trial, it developed that he "borrowed" from another insurer, Factory Mutual Liability Insurance Company of America, the money needed to pay the judgments.  At the close of the plaintiff's evidence in this case the court sustained a motion of the defendant to discharge the jury and to dismiss plaintiff's action.  Plaintiff now assigns as error this ruling of the court and the entering of judgment thereon and the overruling of plaintiff's motion for a new trial.

Let us examine the two contracts of insurance and the so-called loan agreement between Factory Mutual and plaintiff.

The detailed provisions of defendant's insurance agreement are not before us, nor are they essential to the paramount issue in the case, which is whether plaintiff is a real party in interest as required by Section 2307.05, Revised Code.

Defendant, whose place of business is in Dayton, Ohio, admits insuring plaintiff against such a contingency as arose, but

denies liability because it claims not to have been notified of the filing or pendency of the damage actions in Miami County which resulted in the judgments against plaintiff. Plaintiff contends that immediately after the accident he notified defendant, which promised to take care of it, and proceeded to make some investigation and endeavor to negotiate, but without success.

Plaintiff was a resident of Rhode Island. Service upon him in the damage actions was obtained through the Secretary of State. Registered summons was never received by plaintiff, due apparently to plaintiff's frequent absences from his place of business and the failure of his secretary to identify certain registered mail which the Post Office attempted to deliver to him but which was not received.

The importance of these circumstances is that they show the existence of an issue as to defendant's liability under its policy. This fact, plaintiff claims, has an important bearing upon the question whether he is a real party in interest.

Factory Mutual had issued a liability policy to plaintiff. The policy itself is not in evidence. But its provisions are assumed by both sides to be as indicated in defendant's exhibit 9 for identification. We shall likewise consider them to be as stated and argued. *Dearbaugh* v. *Dearbaugh*, 110 Ohio App., 540. They provide coverage for plaintiff in the use of an automobile other than his own, but limit the coverage in such use to "excess insurance over any other valid and collectible insurance available to the insured * * *."

When Factory Mutual provided plaintiff with the money to pay the judgments, an agreement was entered into as follows:

> "Sherwood and Clifford  
> Attorneys at Law  
> 1003 Turks Head Bldg.  
> Providence 3, R. I.

> "February 2, 1956.

"Mr. John W. Young  
 182 Rumstick Point Road  
 Barrington, Rhode Island

"Re: *Farmer et al.* v. *John W. Young*

"Dear Mr. Young:

   "We represent the Factory Mutual Liability Insurance

Company of America. You are aware, of course, of the four judgments which were entered against you in Ohio as a result of the accident of October 20, 1954. Raymond A. Thomas, a Bristol attorney, has the judgments for collection and states that they are in the amount of $2,500 plus costs.

"From our investigation, it is clear that the primary insurer on the risk is Drive-It-Yourself, Inc. of Canton, Ohio. Despite their obligation, they have refused to satisfy these judgments on the ground that you failed to notify them of the pendency of suits. Of course, we are well aware that you had no knowledge of the pendency of suits and therefore could not notify Drive-It-Yourself, Inc. We believe that ultimately the Ohio courts will require Drive-It-Yourself, Inc. to satisfy these judgments and hold you harmless.

"However, in the meantime, in order to avoid the inconvenience and annoyance of attachment of your property in Rhode Island, Factory Mutual is willing to advance to you the money necessary to satisfy the Ohio judgments, in consideration of your agreement to authorize us through Ohio attorneys to bring suit in your name (at no expense to you) against Drive-It-Yourself, Inc. If, as we expect, judgment is entered in your favor against Drive-It-Yourself, Inc., Factory Mutual will expect you to repay the money advanced to you for the purpose of satisfying the judgments only to the extent of your recovery from Drive-It-Yourself, Inc. In the event the litigation against Drive-It-Yourself, Inc. results in no recovery, Factory Mutual will expect no repayment from you.

"If the above arrangement is agreeable to you, will you please signify your assent on the enclosed copy of this letter, returning it to this office. As soon as Mr. Thomas is able to produce executions from the Ohio court, Factory Mutual will be prepared to furnish you with the funds to satisfy the judgments.

"Very truly yours,

"KH:ae                                          Sherwood H. Clifford

"I desire to cooperate with the Factory Mutual and hereby approve of the above action with the understanding that it will hold me free from any expense.

"John W. Young

"Feb. 7, 1956."

On the basis of that arrangement it is argued that plaintiff no longer has any interest whatever in the claim against defendant. The case of *Cleveland Paint & Color Co. v. Bauer Mfg. Co.*, 155 Ohio St., 17, is cited in support. The significant paragraph three of the syllabus in that case reads as follows:

"Where an insurer pays a claim under an indemnity policy indemnifying the insured against liability arising from his sale of a defective instrumentality, but instead of taking a receipt and release the insurer takes from the insured a so-called loan agreement which recites that insured has received a specific sum as a loan to be repaid only from such recovery as may be had from the manufacturer of the alleged defective instrumentality, the transaction is not a 'loan,' notwithstanding its designation as such, but is a 'payment' subrogating the insurer to that extent and affording to the manufacturer, who is sued by the insured alone, a defense under the statute requiring that every action be prosecuted in the name of 'the real party in interest.' "

This language is more comprehensive than necessary to the decision in that particular case. In the opinion it is pointed out with some emphasis that that insurer had an absolute liability to pay.

It is well settled that in making application of such general pronouncements we must look beyond the syllabus to the facts in the particular case. *Baltimore & Ohio Rd. Co. v. Baillie,* 112 Ohio St., 567; *Williamson Heater Co. v. Radich,* 128 Ohio St., 124; *Leube v. Prudential Ins. Co. of America,* 147 Ohio St., 450, 456; *State v. Nickles,* 159 Ohio St., 353, 359; *Ginn, Admr., v. Dolan,* 81 Ohio St., 121, 129; *McGilvery v. Shadel,* 87 Ohio App., 345; *Perry v. Arsham,* 101 Ohio App., 285, 288.

In the case of *Luckenbach v. W. J. McCahan Sugar Refining Co.,* 248 U. S., 139, 63 L. Ed., 170, 39 S. Ct., 53, 1 A. L. R., 1522, cited in the briefs, a situation was presented similar to that in *Cleveland Paint & Color Co. v. Bauer Mfg. Co., supra,* but the court arrived at the opposite conclusion. In distinguishing that and other cases, Judge Hart, speaking for the Supreme Court of Ohio in *Cleveland v. Bauer, supra,* said: "Those cases are to be distinguished from cases in which, as here, the insurer's liability to the insured is absolute when the loss occurs."

The case of *Thompson Heating Corp. v. Hardware Indem-*

*nity Ins. Co. of Minnesota*, 72 Ohio App., 55, also cited in the briefs, is similarly distinguishable from the *Cleveland Paint & Color Co. case.*

We are sensible of the difficulty of avoiding the apparent import of the loan agreement which may appear to divest plaintiff of his interest in the case, but we are not free to ignore the distinction made by the Supreme Court between a situation where the paying or lending insurer has absolute liability and one where the liability is contingent, excess or undetermined.

Whether or not this distinction will be ultimately and permanently accepted, it is clearly the present view of the Supreme Court of Ohio that it is determinative, and we are bound to follow that view.

It is necessary, therefore, that the judgment be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

KERNS and SHERER, JJ., concur.