[Cite as *Kern v. Dutiel*, 2013-Ohio-2439.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES E. KERN, ET AL. | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellees | Hon. William B. Hoffman, J. |
| | Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12-CA-15, 12-CA-16 |
| DONALD DUTIEL, ET AL. | |
| | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Perry County Court of
Common Pleas, Case No. 10-CV-00344

JUDGMENT:     12-CA-15 - Dismissed
12-CA-16 - Affirmed

DATE OF JUDGMENT ENTRY:     June 4, 2013

APPEARANCES:

For Plaintiffs-Appellees          For Defendants-Appellants

MARK R. RIEGEL                 ELIZABETH N. GABA
NICHOLAS R. GRILLI             1231 East Broad Street
Dagger, Johnston Miller,        Columbus, Ohio 43205
Ogilvie & Hampson, LLP
144 East Main St., P.O. Box 667
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} In Perry App. No. 12CA15, defendants-appellants Donald Dutiel, et al. appeal the July 16, 2012 Entry entered by the Perry County Court of Common Pleas, which granted partial summary judgment in favor of plaintiffs-appellees Charles E. Kern, et al. In Perry App. No. 12CA16, Appellants appeal the July 16, 2012 Entry entered by the same court, which granted summary judgment in favor of Appellees on Appellants' counterclaim.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellees are the Estates of Steven H. Kern, Kathryn E. Wright, and Eric A. Wright, a minor child. Steven H. Kern, Kathryn E. Wright, and Eric A. Wright will be referred to individually by name and collectively as "Decedents".

{¶3} On May 1, 2010, Steven Kern and Kathryn Wright entered into an agreement regarding property owned by Appellants at 327 Elizabeth Street, New Lexington, Ohio ("the Property"). Appellants own numerous residential properties in and around New Lexington. The agreement executed by Steven Kern and Kathryn Wright was a fill-in-the-blank form printed on Dutiel Rental Properties/Mr. Donald Dutiel letterhead.

{¶4} As completed by Stephen Kern and Kathryn Wright, the agreement reads:

> We are purchasing the property at 327 Elizabeth St. New Lexington, Ohio, 43764. Selling price of property is $35,000.00, down payment is $ 0, balance $35,000.00 at 15% interest. Payments are $ 442.50 per month for 320 months. I have inspected the house or property. I will sign the land contract the first of next month on 6-1-10.

Property is sold as is, no refund for any reason. We would appreciate this land contract not being recorded, so when we want to move we'll have no problems. x <u>KEW</u> Initial

I agree to pay $<u>15.00</u> a month for trash. <u>KEW</u> Initial

(Underlined portions represent "filled in" information).

**{¶5}** The agreement is signed by Kathryn Wright and Stephen Kern as purchasers. Appellants did not sign the agreement.

**{¶6}** Decedents moved into the Property on May 22, 2010. During the early morning hours of May 23, 2010, while Decedents were asleep on the second floor of the residence, a fire started on the first floor. Decedents died as the result of smoke inhalation.

**{¶7}** On August 23, 2010, Appellees filed a complaint for wrongful death, naming Appellant Donald Dutiel, Appellant Luella Dutiel, John Does 1-10, Jane Does 1-10, and XYZ Corporations, Partnerships, and/or Limited Liability Companies 1-10 as defendants. Appellees subsequently amended the complaint to add Appellant Dutiel Family Revocable Trust as a defendant. Appellees asserted a landlord/tenant relationship existed between Decedents and Appellants; therefore Appellants owed Decedents certain statutory duties under R.C. 5321.04. Appellants filed an answer denying Appellees' position, and counterclaimed asserting damages as the result of Decedents' negligence, willful and wanton conduct, and breach of contract. Appellants alleged Decedents had entered into a land contract with them.

**{¶8}** On July 18, 2011, Appellees filed a motion for partial summary judgment, asking the trial court to find Decedents and Appellants were in a landlord/tenant

relationship, not a land contract, at the time of the fire. Appellants filed a memorandum contra, arguing they had a land contract vendor-vendee relationship with Decedents.

{¶9} Via Entry filed July 16, 2012, the trial court granted Appellees' motion for partial summary judgment regarding the non-existence of a land contract. The trial court found the evidence established Decedents were not land contract purchasers at the time of the fire. The trial court expounded a land contract had never been signed or recorded, and the document signed by Decedents did not meet the statutory land contract requirements set forth in R.C. 5313.02. The trial court ordered the relationship between Decedents and Appellants will be determined by the trier of fact.

{¶10} On September 7, 2011, Appellees filed a motion for summary judgment on Appellants' counterclaim, asserting Appellants were not the real party in interest. Appellees asserted, at the time of the fire, the property was insured by Municipal Mutual Insurance Company in the amount of $25,000. Appellants filed a fire damage claim. Municipal Mutual paid $24,750, to Appellants, i.e., the $25,000 policy amount less the $250.00 deductible. Appellants signed a Sworn Statement in Proof of Loss which provided Municipal Mutual with all subrogation rights. Appellants filed a memorandum contra, arguing joinder of Municipal Mutual was not mandatory. Appellants further maintained their loss, which was caused by Decedents' negligence or recklessness, was greater than the policy limits. Appellants also claimed the policy was solely in Appellant Donald Dutiel's name; therefore, Appellants Louella Dutiel and the Dutiel Family Revocable Trust could maintain the counterclaim.

{¶11} Via Entry also filed July 16, 2012, the trial court granted summary judgment in favor of Appellees on Appellants' counterclaim. The trial court found Municipal Mutual, not Appellants, was the sole real party in interest.

{¶12} It is from these entries Appellants appeal, raising the following assignments of error:

{¶13} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY RULING THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THAT REASONABLE MINDS COULD COME TO BUT ONE CONCLUSION THAT NO LAND CONTRACT EXISTED BETWEEN THE DECEDENTS AND APPELLANTS, AND FURTHER ERRED BY AWARDING PARTIAL SUMMARY JUDGMENT TO PLAINTIFFS ON THAT ISSUE.

{¶14} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY RULING THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THAT REASONABLE MINDS COULD COME TO BUT ONE CONCLUSION THAT APPELLANTS WERE NOT THE REAL PARTY IN INTEREST AS TO THEIR COUNTERCLAIMS AND FURTHER ERRED BY AWARDING SUMMARY JUDGMENT TO PLAINTIFFS ON THAT ISSUE."

## STANDARD OF REVIEW

{¶15} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**{¶16}** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

**{¶17}** It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing

there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

I

{¶18} In their first assignment of error, Appellants contend the trial court erred in granting partial summary judgment in favor of Appellees.

{¶19} As a preliminary matter, we must first determine whether the order under review is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). In the event the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. See *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N .E.2d 64 (1989), syllabus.

{¶20} "In order for a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." *Bristol Twp. Bd. of Trustees v. Haney,* 11th Dist. No.2010–T–0084, 2010–Ohio–3965, ¶ 3. "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment" is considered a final order. R .C. 2505.02(B)(1).

{¶21} Appellees in their motion for partial summary judgment asked the trial court to find Decedents and Appellants were in a landlord/tenant relationship.  In its July 16, 2012 Entry, the trial court found only that a land contract did not exist between Decedents and Appellants.  The trial court specifically stated "[t]he parties' relationship shall be decided by the trier of fact."  The Entry also included the language, "there is no

just reason for delay". In the present matter, the trial court only determined the issue of the existence of a land contract. Accordingly , we find the July 16, 2012 Entry granting Appellees' motion for partial summary judgment is not a final appealable order as contemplated by R.C. 2505.02, as it only determines one issue regarding Appellees' claim and does not prevent a judgment in favor of Appellants.

**{¶22}** Since the aforementioned judgment is not final, the fact the trial court used Civ.R. 54(B) language in its judgment entry is irrelevant. *Noble v. Colwell,* 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989) (the "mere incantation of the required language" of Civ.R. 54(B) cannot turn an otherwise non-final order into a final appealable order). An order does not become final by merely including boilerplate Civ.R. 54(B) language. *Wisintainer v. Elcen Power Strut Co.,* 67 Ohio St.3d 352, 364, 617 N.E.2d 1136 (1993).

**{¶23}** Based upon the foregoing, Appellants' appeal in Perry App. No. 12CA15 is sua sponte dismissed for lack of a final appealable order.

II

**{¶24}** In their second assignment of error, Appellants maintain the trial court erred in granting summary judgment in favor of Appellees on Appellants' counterclaim.

**{¶25}** In their counterclaim, Appellants sought damages as the result of Decedents' negligence, willful and wanton conduct, and breach of contract. Appellees filed a motion for summary judgment, arguing Appellants were not the real party in interest. The trial court granted summary judgment in favor of Appellees. The trial court determined Municipal Mutual was not just the real party in interest, but was the "sole real party in interest" as it had paid the fire damages claim submitted by Appellant

Donald Dutiel.  The trial court relied upon the Ohio Supreme Court's holding in *Shealy v. Campbell*, 20 Ohio St.3d 23 (1985):

> Not only is the insurance company herein a real party in interest, the insurance company is the *sole* real party in interest pursuant to this court's holding in *Cleveland Paint & Color Co. v. Bauer Mfg. Co.* (1951), 155 Ohio St. 17, 97 N.E.2d 545 [44 O.O. 59]. In that case at 25, 97 N.E.2d 545, this court adopted the proposition that "* * * if the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in his own name. * * * "

**{¶26}** In the instant action, Appellant Donald Dutiel executed a Sworn Statement in Proof of Loss. The document includes a subrogation clause, which provides:

> The Insured hereby convenants [sic] that no release has been or will be given to or settlement of compromise made with any third party who may be liable in damages to the Insured in consideration of payment made under this policy hereby subrogates the said Company to <u>all</u> rights and clauses [sic] of action the said Insured has against any person, persons or corporation whomsoever for damage arising out of or incident to said loss or damage to said property and authorizes said Company to sue in the name of the Insured but at the cost of the Company any such third party, pledging full cooperation in such action. (emphasis added)

**{¶27}** Based upon the above language, we agree with the trial court and find Municipal Mutual is the sole real party in interest.

**{¶28}** Municipal Mutual paid Appellant Dutiel the sum of $24,750, which represents the total amount of insurance on the property ($25,000) less the $250 deductible. "[A] fully subrogated insurer is the real party in interest and must bring suit in its own name, for when the loss is fully paid by an insurer and the insurer becomes subrogated to the insured's claim against the wrongdoer, the insured no longer has a right of action against the wrongdoer. See, generally, 6 Wright & Miller, Federal Practice & Procedure, Subrogation (1971) 656, Section 1546; 16 Couch on Insurance 2d (1983) 104, Section 61.26." *Shealy* at 25.

**{¶29}** Appellants' second assignment of error is overruled.

**{¶30}** The judgment of the trial court in Perry App. No. 12CA15 is dismissed for lack of a final appealable order. The judgment of the trial court in Perry App. No. 12CA16 is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CHARLES E. KERN, ET AL.                   :
                                          :
        Plaintiffs-Appellees              :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
DONALD DUTIEL, ET AL.                     :
                                          :
        Defendants-Appellants             :          Case No. 12-CA-15


For the reasons stated in our accompanying Opinion, the judgment of the trial court in Perry App. No. 12CA15 is dismissed for lack of a final appealable order. Costs to Appellants.


                                        s/ William B. Hoffman_____
                                        HON. WILLIAM B. HOFFMAN


                                        s/ W. Scott Gwin_____
                                        HON. W. SCOTT GWIN


                                        s/ Sheila G. Farmer_____
                                        HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CHARLES E. KERN, ET AL.            :
                                  :
      Plaintiffs-Appellees        :
                                  :
-vs-                              :                JUDGMENT ENTRY
                                  :
DONALD DUTIEL, ET AL.             :
                                  :
      Defendants-Appellants       :                Case No. 12-CA-16


      For the reasons stated in our accompanying Opinion, the judgment of the trial

court in Perry App. No. 12CA16 is affirmed.  Costs to Appellants.



                                    s/ William B. Hoffman_____
                                    HON. WILLIAM B. HOFFMAN


                                    s/ W. Scott Gwin_____
                                    HON. W. SCOTT GWIN


                                    s/ Sheila G. Farmer_____
                                    HON. SHEILA G. FARMER