[Cite as *State v. Fox*, 2018-Ohio-1995.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 17 CA 000012 |
| JAMES E. FOX III | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Municipal Court, Case No. 17 CRB 00129


JUDGMENT:       Affirmed


DATE OF JUDGMENT ENTRY:       May 22, 2018


APPEARANCES:

For Plaintiff-Appellee

BRITTANY A. WHITNEY
ASSISTANT DIRECTOR OF LAW
5 North Gay Street, Suite 222
Mount Vernon, Ohio 43050

For Defendant-Appellant

JOHN A. DANKOVICH
ASSISTANT PUBLIC DEFENDER
110 East High Street
Mount Vernon, Ohio 43050

*Wise, John, P. J.*

**{¶1}**    Defendant-Appellant James E. Fox, III, appeals his conviction on one count of Domestic Violence and one count of Assault following a jury trial in the Mount Vernon Municipal Court, Knox County.

**{¶2}**    Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}**    The relevant procedural facts leading to this appeal are as follows.

**{¶4}**    On February 5, 2017, six-year-old S.F. returned home from a weekend at her father's house. S.F. normally returned from her father's at seven o'clock on Sunday evenings, but her aunt Melissa brought her home early. S.F.'s mother, Casey Beck, noticed that S.F. seemed sad and anxious to get away from her Aunt Melissa. S.F. did not give Aunt Melissa a hug before she left, and her mother could hardly get her to say "bye." (Tr. at 147-157).

**{¶5}**    When S.F. came through the front door, she told her mother that she had a loose tooth. Her mother observed that, unlike when S.F. had a loose tooth that past December, she did not seem excited. As Ms. Beck examined her daughter's tooth, she noticed that her lip was busted. S.F. then pushed past her and went into her great-grandmother's room. (Tr. at 147-157).

**{¶6}**    After S.F.'s aunt left, Ms. Beck put S.F. in the bathtub and asked her about her loose tooth and busted lip. S.F. told her mother that she "didn't remember what she was supposed to say." (Tr. at 151). Ms. Beck then called her mother, S.F.'s grandmother, who came to the house and talked with S.F. (Tr. at 151).

**{¶7}** The two women then took S.F. to the Knox County Sheriff's Office where they met with Deputy Tim Knell. Deputy Knell observed the injury to S.F.'s lip to be fresh. Deputy Knell also noted that S.F. seemed frightened and subdued. Based on his interaction with S.F., her mother, and her grandmother, Deputy Knell called for back-up and went to the residence of S.F.'s father, James E. Fox, III, to arrest him for Domestic Violence and Assault. (Tr. at 160-165).

**{¶8}** The following day, on February 6, 2017, Lindsey Anders, the school social worker at Cardington Elementary, stopped to chat with S.F. in the school lunchroom. Ms. Anders and S.F. had known each other for over a year; and Ms. Anders liked to check up on S.F. As they were chatting, S.F. told Ms. Anders that she had a loose tooth because of her Daddy. (Tr. at 181-183).

**{¶9}** Later that same day, Ms. Beck took S.F. to Nationwide Children's Hospital. The emergency room triage nurse who met with S.F. on February 6, 2017, was Brittany Kaptur. During intake, S.F. stated to Nurse Kaptur that her tooth was loose because her Dad hit her in the face. Nurse Kaptur found S.F.'s injuries to be consistent with S.F.'s explanation. (Tr. at 190-195).

**{¶10}** On April 5, 2017, Knox County Sheriff's Office Detective Sergeant Dan Bobo, who specializes in investigating crimes against children, interviewed A.F. at Dan Emmett Elementary School. A.F. and S.F. have the same father; and A.F. was present at Mr. Fox's home on February 5, 2017. Detective Bobo found A.F.'s version of events to corroborate S.F.'s explanation for how she received a loose tooth and busted lip on Sunday, February 5, 2017. (Tr. 118-140).

**{¶11}** On February 6, 2017, Appellant was charged in the Mount Vernon Municipal Court with one count of Domestic Violence, in violation of R.C. §2919.25(A) and one count of Assault, in violation of R.C. §2903.13(A), both first-degree misdemeanors.

**{¶12}** A jury trial was scheduled May 18, 2017. In the interim, a competency hearing was scheduled to determine whether S.F. and A.F., both under the age of ten years, were competent to testify. That hearing was held on April18, 2017.

**{¶13}** In an April 28, 2017, entry filed by Judge John C. Thatcher of the Mount Vernon Municipal Court, both children were found competent to testify at trial.

**{¶14}** On May 18, 2017, a jury trial commenced in this matter. At trial, the jury heard testimony from S.F., A.F., Detective Sergeant Dan Bobo, Casey Beck, Deputy Tim Knell, Elizabeth Minser, Lindsey Anders and Brittany Kaptur on behalf of the State. The jury also heard testimony from Chris Fox, Whitney Barnes, Lisa Fox, James Fox, II, Melissa Fox, Brandon Spaulding and Appellant James Fox, III, on behalf of Appellant.

**{¶15}** Following deliberations, after the conclusion of all evidence, the jury found Appellant guilty on both counts of Domestic Violence and Assault.

**{¶16}** Appellant now appeals, raising the following Assignments of Error:

<u>ASSIGNMENTS OF ERROR</u>

**{¶17}** "I. THE TRIAL COURT ERRED IN EXCLUDING EVIDENCE IN VIOLATION OF CONSTITUTIAL (SIC) RIGHTS AND FUNDAMENTAL FAIRNESS.

**{¶18}** II. THE COURT ERRED IN FINDING COMPETENCY AND ALLOWING THE ALLEGED CHILD VICTIM TO TESTIFY

**{¶19}** III. THE COURT ERRED IN ALLOWING TESTAMONIAL (SIC) HEARSAY

**{¶20}** IV. THE COURT ERRED IN DISALLOWING THE ENTIRE RECORDED STATEMENTS."

**I.**

**{¶21}** In his first Assignment of Error, Appellant argues the trial court erred in excluding evidence regarding custody matters and an allegation of sexual abuse. We disagree.

**{¶22}** Appellant herein argues that he should have been permitted to question S.F. regarding recent custody changes, alleged prior false accusations of abuse, coercion and undue influence.

**{¶23}** The admission or exclusion of relevant evidence rests in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180, 510 N.E.2d 343. As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624. Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *State v. Sage* (1987), 31 Ohio St.3d 173, 180.

**{¶24}** The trial court, in refusing to allow this line of questioning, stated:

As the Court has said, this is a domestic violence and assault case. It is going to be proved or not proved based on the evidence presented here in the courtroom. I don't want the jury to be prejudiced or lose its way based on either a sexual abuse allegation, so that the State can bootstrap its case

up until a conviction or going the other way because of some alleged false allegations that were made by the mother. Okay. This is going to be a fact-based decision by the jury, not based on what I think are a lot of unfounded allegations on both sides here. (T. at 217-218).

**{¶25}** The trial court further explained:

You can impeach her [the State] witnesses all day long based on what they told law enforcement and what they are saying now. If the mother has testified under oath in some other proceeding somewhere, custody, that it has been found a lie in some other court, you can impeach her on those grounds. (T. at 142-143).

**{¶26}** We find no Sixth Amendment Confrontation Clause violation as argued by Appellant because Appellant was able to confront and cross-examine the witnesses on their testimony.

**{¶27}** Upon review, this Court does not find that the trial court abused its discretion in limiting the testimony and evidence to the charges of domestic violence and assault.

**{¶28}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶29}** In his Second Assignment of Error, Appellant argues the trial court erred finding the child victim competent to testify. We disagree.

**{¶30}** Evidence Rule 601 states:

"Every person is competent to be a witness except:

"(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

**{¶31}** The Ohio Supreme Court has set forth the following factors for a competency determination pursuant to Evid. R. 601(A):

In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." *State v. Frazier* (1991), 61 Ohio St.3d 247, 251. The trial court must find, then, that the child witness: (1) has the ability to recall the alleged acts of abuse; (2) has the ability to communicate those facts; and (3) understands his responsibility to be truthful.

**{¶32}** A court conducting a *voir dire* to determine competency is not chained to a ritualistic formula to ask specific questions. However, it must satisfy itself of the elements enumerated in *Frazier. State v. Swartsell,* Butler App. No. CA2002–06–151, 2003–Ohio–4450 at ¶13. As long as a witness understands the oath, or has the mental capacity sufficient to receive just impressions of the facts and transactions relating to what he or she is being questioned upon, then he or she is competent to testify at trial. *State v. Bradley* (1989), 42 Ohio St.3d 136, 140–141, 538 N.E.2d 373. *See, also*, *State v. Wildman* (1945), 145 Ohio St. 379, 61 N.E.2d 790, paragraph three of the syllabus.

**{¶33}** "A child may be competent to testify even though the child * * * initially does not recognize the concept of truth, so long as the voir dire continues on to demonstrate that the child * * * generally * * * understands the concept of truthfulness." *State v. Brooks* (Oct. 26, 2001), 2nd Dist. No. 18502, quoting *State v. Boyd* (Oct. 31, 1997), 2d Dist. No. 97 CA 1.

**{¶34}** A trial court's decision that a presumed incompetent witness is competent to testify must be approached by a reviewing court with great deference because the trial judge has the opportunity to observe the person's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully. *See Frazier,* 61 Ohio St.3d 247, 251, 574 N.E.2d 483; *State v. Lewis* (1982), 4 Ohio App.3d 275, 277, 448 N.E.2d 489, 490. *See also, State v. Uhler* (1992), 80 Ohio App.3d 113, 118, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph one of the syllabus. *See, also, State v. Wilson* (1952), 156 Ohio St. 525; *Banez v. Banez,* Stark App. No. 006CA00216, 2007–Ohio–4584 at ¶ 20.

**{¶35}** In the case at bar, appellant argues that the trial court should have found S.F. incompetent to testify because she lacked the ability to respond in more than a one-word answer.

**{¶36}** Upon review, we find that during the court's *in camera* interview with S.F., she was able to tell the court her name, the name of the school she attended, the name of her teacher, that she was in kindergarten, the color of her house, the names of her brother and sister and the year she was born. She also understood the court's example of what was a lie as opposed to the truth as well as an understanding that telling a lie was

"bad" and in kindergarten telling a lie could get you sent to the principal's office. S.F. was also able to tell the court how she lost each of her baby teeth. (Tr. 3-10).

**{¶37}** Based on the foregoing and because the trial court had the ability to observe S.F.'s appearance, manner of responding to the questions, general demeanor and her ability to relate the facts accurately and truthfully during her interview, we will not disturb the trial court's finding of competency to testify in this matter.

**{¶38}** Appellant's Second Assignment of Error is overruled.

### III.

**{¶39}** In his Third Assignment of Error, Appellant argues the trial court improperly allowed hearsay evidence. We disagree.

**{¶40}** Although somewhat unclear from the brief summary statements Appellant makes under this assignment or error, it appears Appellant is arguing that Det. Bobo's testimony as to what A.F. told him concerning whether Appellant hit S.F. was testimonial and therefore improper hearsay.

**{¶41}** Upon review, we find that at trial, A.F. changed her testimony from what she had initially told Det. Bobo, stating "He didn't hit her and bust her lip." (T. at 115).

**{¶42}** Evidence Rule 607(A) reads,

A) Who may impeach

The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. This exception does not apply to statements admitted pursuant to Evid.R. 801(D)(1)(a), 801(D)(2), or 803.

**{¶43}** We review a trial court's application of this rule for an abuse of discretion. *Davie,* 80 Ohio St.3d at 323, 686 N.E.2d 245.

**{¶44}** "Surprise" occurs when a witness's testimony materially differs from a prior statement and counsel had no reason to believe that the witness would testify as he did at trial. *See id.; Ferguson Realtors v. Butts,* 37 Ohio App.3d 30, 33, 523 N.E.2d 534 (12th Dist.1987); *State v. Blair,* 34 Ohio App.3d 6, 9, 516 N.E.2d 240 (8th Dist.1986).

**{¶45}** The "affirmative damage" requirement is satisfied if a "party's own witness testifies to facts that contradict, deny, or harm that party's trial position." *Blair* at 9, 516 N.E.2d 240; *see also Ferguson Realtors* at 33, 523 N.E.2d 534.

**{¶46}** In the instant case, the State argued to the court that it was surprised that A.F.'s testimony at trial materially differed from her statement to police and that such testimony could cause affirmative damage if allowed to stand unrefuted. (T. at 120). Under these circumstances, it was reasonable for the trial court to find that the state was surprised by the witness's testimony and that such testimony affirmatively damaged the state's case

**{¶47}** We find the trial court did not abuse its discretion by allowing the prosecutor to impeach A.F. with prior inconsistent statements made to Det. Bobo.

**{¶48}** The Staff Notes to Evid.R. 607 indicate, the reason for retaining the requirement that a party demonstrate surprise and affirmative damage before the party can impeach its own witness with prior inconsistent statements of that witness is to prevent that party from calling "a known adverse witness simply for the purpose of getting a prior inconsistent statement into evidence by way of impeachment, thus doing indirectly what it could not have done directly." *State v. Warren,* 67 Ohio App.3d 789, 798, 588

N.E.2d 905, 911 (6th Dist.1990). There is no indication of any such motivation in the instant case.

**{¶49}** Appellant also appears to be challenging the testimony of Nurse Brittany Kaptor who testified that when asked how her tooth became loose, S.F. told her that her dad hit her in the face. (T. at 195). Appellant maintains the victim's interview was primarily forensic in nature; rather than for the purpose of medical diagnosis, pursuant to *State v. Arnold* (2010), 126 Ohio St.3d 290, 2010–Ohio–2742.

**{¶50}** Initially, we note that Appellant failed to object to Nurse Kaptor's testimony at trial. We therefore review such testimony under a plain error standard of review. In order to prevail under a plain error analysis, Appellant bears the burden of demonstrating the outcome clearly would have been different but for the error. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804(1978). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

**{¶51}** {¶ 19} In *State v. Arnold, supra*, the Ohio Supreme Court held,

We hold that statements made to interviewers at child-advocacy centers that are made for medical diagnosis and treatment are nontestimonial and are admissible without offending the Confrontation Clause. Thus, we affirm the judgment of the court of appeals to the extent that M.A.'s statements to Marshall for the purpose of medical treatment and diagnosis were properly admitted. We further hold that statements made to interviewers at child-advocacy centers that serve primarily a forensic or investigative purpose are testimonial and are inadmissible pursuant to the

Confrontation Clause when the declarant is unavailable for cross-examination at trial.

**{¶52}** Upon review, we find Ms. Kaptur testified that on the day S.F. came to the emergency room, she was working as the emergency room triage nurse and did S.F.'s intake interview. (T. at 192). We therefore find that the statements made by S.F. to Ms. Kaptor were for the purposes of medical diagnosis or treatment, not a forensic interview.

**{¶53}** Based on the foregoing, we find the trial court did not err in admitting such testimony.

**{¶54}** Appellant's Third Assignment of Error is overruled.

**IV**.

**{¶55}** In his Fourth Assignment of Error, Appellant argues the trial court erred in disallowing the entire recorded statements. We disagree.

**{¶56}** Appellant argues that the trial court erred in permitting the redacted medical notes into evidence. Appellant argues the trial court should have allowed the entire written records and/or video from Nurse Brittany Kaptor as required by Evid.R. 106, which states:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which is otherwise admissible and which ought in fairness to be considered contemporaneously with it.

**{¶57}** Upon review, this Court finds that the redacted portions of the medical records concerned alleged sexual abuse suffered by S.F., which the court had previously determined was inadmissible and therefore would be excluded.

**{¶58}** Appellant's Fourth Assignment of Error is overruled.

**{¶59}** For the reasons stated in the foregoing opinion, the decision of the Municipal Court OF Mount Vernon, Ohio, is affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0510